Plaintiff James B. Hubbard appeals from dismissal with prejudice for want of prosecution of his suit to recover property. We affirm.
At the time this action was filed, Mr. Hubbard was a prisoner on death row in Holman Prison. He had been convicted and sentenced to die for the killing of Lillian Montgomery, mother of the defendants in this action. January 27, 1978, plaintiff filed suit pro se to recover certain items of personal property alleged to be his, which were left on the premises he shared with Lillian Montgomery before her death. He also sought a determination that Lillian had given him a car and a house prior to her death. Defendants' motion to dismiss was overruled and defendants filed an answer.
On December 22, 1978, the trial judge signed an order setting trial before the court for February 5, 1979. (This order was filed in the circuit clerk's office January 10, 1979.) Notice of the trial date was sent to the plaintiff and he replied in a letter dated January 30, 1979. Plaintiff had written to the clerk December 11, 1978, that an attorney in Selma, Booker T. Forte, Jr., would be handling his case.
On February 5, 1979, on motion of the defendants, the suit was dismissed with prejudice for failure of the plaintiff to appear in person or by counsel. There is no indication in the record as to whether or not plaintiff at any time had the assistance of counsel, other than the letter of December 11, 1978, which he sent to the clerk.
The plaintiff appeals pro se, protesting his innocence of the crime for which he was convicted, stating that he has witnesses to prove he has property on the premises in question, and contending that "he was denied his rights by federal and state laws" by not being brought to the trial court to testify in his own behalf.
The issues before us are (1) whether an incarcerated criminal plaintiff is entitled to appear in his civil action, unrelated to his confinement, in order to testify in his own behalf, and (2) whether the trial court abused its discretion by dismissing the claim.
This Court addressed the right of a prisoner to appear and testify in his own civil suit unrelated to his confinement in the recent case of Whitehead v. Baranco Color Labs, Inc.,353 So.2d 793 (Ala. 1977). We held that a prisoner has no such right. His proper course is to take his own oral or written deposition under Rule 30 or 31, ARCP, to be used at trial as specifically provided in Rule 32 (a)(3)(C), ARCP. (Although appellant had indicated he had an attorney, no appearance had been filed by the attorney.)
We further find that in this case the trial judge did not abuse his discretion by dismissing the claim for want of prosecution in accordance with Rule 41 (b), ARCP.
Plaintiff's position results from his own actions and not from those of the defendants or the court. Incarceration alone is no excuse to avoid a dismissal for want of prosecution.Whitehead v. Baranco Color Labs, Inc, 355 So.2d 376
(Ala.Civ.App. 1978). *Page 317 
Plaintiff claimed to be indigent, and the court records reflect that he is indigent, so that he was unable to hire counsel to prosecute his claim. He was not due to have counsel appointed, since this is a civil proceeding. Boulware v.Battaglia, 344 F. Supp. 889 (D.Del. 1972), aff'd, 478 F.2d 1398 (3d Cir. 1973).
As we have already noted, he had no right to appear in person. Consequently, plaintiff was in a position which inevitably led to dismissal of his claim, a situation from which we are not in any position to extricate him.
A federal district court in Wisconsin, confronted with a civil complaint filed in forma pauperis by an imprisoned criminal to enforce rights unrelated to his conviction or confinement, noted that incarceration necessarily entails the loss or limitation of many rights and privileges. Seybold v.Milwaukee County Sheriff, 276 F. Supp. 484 (E.D.Wis. 1967). The court discussed the burden placed on the penal system by such suits, a view with which we concur:
 ". . . We can conceive of no greater interference with prison officials or prison discipline than requiring that prisoner-plaintiffs who wish to appear in civil actions unrelated to their imprisonment be transported from prison to this court by prison guards, housed in this area and released from their normal duties at the institutions during proceedings in their cases. Regardless of the merit of the causes of action stated in their complaints, it must be remembered that the prisoner-plaintiffs have, by their own acts resulting in conviction, placed themselves in a position such that effective prosecution by themselves is not possible without interference by the court with their detention, and it is our opinion that absent unusual circumstances that interference is not warranted. In other words, their unavailability for hearings and trials is due to their convictions, and . . . we know of no authority compelling us under ordinary circumstances to deliver them from their self-caused restrictions and proceed with their cases as though they could appear at will."
Id. at 488. See also Tabor v. Hardwick, 224 F.2d 526 (5th Cir. 1955), cert. denied, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843
(1956).
The plaintiff may not avoid the effect of Rule 41 (b) by relying on his unfamiliarity with legal procedure or court rules. The Alabama Rules of Civil Procedure are to be applied impartially, and are binding on both members of the bar and parties proceeding pro se. See Mazique v. Mazique, 123 U.S.App.D.C. 48, 356 F.2d 801 (1966).
For the foregoing reasons, this cause must be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.