On August 31, 1984, while incarcerated in an Alabama state prison, Thomas C. Hines filed a civil action against the City of *Page 1204 
Mobile and one of its police officers. Hines alleged that the officer committed an assault and battery on him on or about May 26, 1983. Hines's motion to proceed in forma pauperis was granted, and his motion for appointment of counsel was denied.
The case was set for trial on July 16, 1985. There is no allegation that Hines was unaware of the date. In fact, Hines had filed a motion requesting that another inmate be required to attend the trial as a witness for him. Because Hines failed to appear at trial either in person or through counsel, the judge dismissed the case with prejudice for want of prosecution.
Hines raises two issues on appeal. First, he claims the trial judge abused his discretion in failing to appoint counsel. A prisoner who is representing himself in a civil case is "not due to have counsel appointed." Hubbard v. Montgomery,372 So.2d 315, 317 (Ala. 1979).
Second, Hines argues that the trial judge erred in dismissing the case for want of prosecution because a layman should not be held to the standard of a lawyer in knowing how to secure his own presence or testimony at trial. This issue has been raised and rejected in prior cases. We have held that a prisoner has no right to appear in person at the trial of a civil suit unrelated to his confinement. We pointed out that a prisoner could take his own oral or written deposition under Rule 30 or 31, A.R.Civ.P. to be used at trial pursuant to Rule 32 (a)(3)(C), A.R.Civ.P. See Hubbard v. Montgomery, 372 So.2d 315
(Ala. 1979); Whitehead v. Baranco Color Labs, Inc.,353 So.2d 793 (Ala. 1977); Aguilar v. Spradlin, 408 So.2d 525
(Ala.Civ.App. 1981); Whitehead v. Baranco Color Labs, Inc.,355 So.2d 376 (Ala.Civ.App. 1979).
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.