The appellant, Jerry Clements, brought a negligence action against Gadsden State Community College, various instructors and supervisors at Gadsden State, and several prison officials at the St. Clair correctional facility; the trial court entered summary judgment in favor of the defendants, and this appeal ensued.
Clements, who is an inmate at the St. Clair correctional facility, severed two fingers with a masonry saw while attending a trade school course offered by Gadsden State Community College at the St. Clair facility.
Clements charges that Gadsden State and its instructors failed to properly supervise his use of the saw and that the saw was not equipped with safety guards. The other defendants are charged with negligence for failing to "[provide for] the safety and well being of convicts." In his response to the defendants' request for admissions, Clements admitted that the instructors were not present at the time of his injury and that he knew that the brick saw was dangerous and could cut fingers. Also, although he now disputes it, Clements admitted that to the best of his knowledge none of the defendants had removed any form of safety device from the saw.
The trial court wrote:
 "At the hearing before this Court on September 12, 1988, the defendants Jamie Moncrief and Ramsey E. Funderburg asked the court to also consider the request for admissions filed by them on July 15, 1988, and to which plaintiff has filed written response. Those facts admitted by the parties include that Jamie Moncrief and Ramsey E. Funderburg were not present at the time of plaintiff's injury. Those request[s] for admissions further establish that the plaintiff knew that the electrical brick cutting machine was a machine which could cut brick and, hence, which could also cut fingers and that the plaintiff knew that the blade on the electrical brick cutting machine, since it could cut brick and since it could cut fingers, was dangerous. Through the request for admissions, the parties also have agreed to the facts that Jamie Moncrief and Ramsey E. Funderburg never removed any safety guard from the electrical brick cutting machine.
 "The Court has also considered the filing by the plaintiff entitled 'Plaintiff's Objection and Response to Defendants' Motion to Dismiss.' *Page 481 
 "The Court finds that the request for admissions and facts deemed admitted are helpful to the Court's understanding of the motions filed by Gadsden State Community College, Jamie Moncrief and Ramsay E. Funderburg. Since this Court is considering matters outside the pleadings, the motions to dismiss are converted into motions for summary judgment. Davis v. Davis, 494 So.2d 393, 396 (Ala. 1986)."
The court entered the following conclusion of law:
 "[A]llowing an adult to use machinery is not a tort and, further, . . . there is no duty to supervise an adult who recognizes that a piece of machinery is dangerous, especially when used incorrectly, leading to an absolute defense of contributory negligence and/or assumption of the risk."
Concerning contributory negligence, we have stated that a finding of contributory negligence requires a finding (1) that the party charged had knowledge of the condition; (2) that the party had an appreciation of the danger under the surrounding circumstances, and (3) that the party failed to exercise reasonable care by placing himself in the way of danger.Hatton v. Chem-Haulers, Inc., 393 So.2d 950, 954 (Ala. 1980).
In this case, the plaintiff stated that he knew that the saw was dangerous; he knew the saw could cut fingers and yet he used it anyway while his instructors were not present to instruct him in its proper use. The trial court was warranted in concluding that the plaintiff was contributorily negligent, as a matter of law. Thus, the court properly concluded that there was no genuine issue of material fact and that the defendants were entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.
In his brief, the plaintiff contends that he was appearing pro se in the prosecution of the suit and therefore that the trial court should have ordered his appearance at the summary judgment hearing. This court has on numerous occasions addressed the issue of whether a trial court has the duty to secure a prisoner's presence in civil proceedings to which he is a party. See Hines v. City of Mobile, 480 So.2d 1203 (Ala. 1985); Hubbard v. Montgomery, 372 So.2d 315 (Ala. 1979); andWhitehead v. Baranco Color Labs, Inc., 353 So.2d 793 (Ala. 1977).
We have held that a prisoner has no right to be removed from his place of confinement in order that he might appear and testify in his own behalf in a civil suit unrelated to his confinement. "His proper course is to take his own oral or written deposition under Rule 30 or 31, A.R.C.P., to be used at trial as specifically provided in Rule 32(a)(3)(c), A.R.C.P."Hubbard v. Montgomery, supra, at 316. The trial court did not, therefore, err in failing to secure the plaintiff's presence at trial.
The trial court also held that the defendants were entitled to immunity. We need not address that holding.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.