RICHARD L. HOLMES, Retired Appellate Judge.
Charles R. McLemore (husband) and Sandra McLemore (wife) were divorced in 1989. The wife was awarded custody of the parties’ minor child. The judgment of divorce provided that the husband was to pay child support in the amount of $250 per month; to pay one-half of the cost of tuition, uniforms, and books while the minor child attends St. Luke’s Episcopal School; and to maintain hospitalization insurance on the minor child, as well as to be responsible for major medical expenses which are incurred but not covered by insurance.
*905 In March 1994 the wife filed a petition for rule nisi, wherein she alleged that the husband had failed, or refused, to abide by the above-stated provisions of the judgment of divorce. The wife requested that the trial court hold the husband in contempt and issue a judgment against the husband in the amount of $13,090.50.
The husband, through his attorney, filed an answer to the wife’s petition for rule nisi and a cross-motion to modify the judgment of divorce on the grounds that the husband is currently incarcerated and is unable to pay support or the cost of tuition and education for the minor child.
The trial court held a hearing in September 1994. Thereafter, the trial court issued its order, wherein it noted, “both parties [were] represented by counsel” at this hearing. The trial court awarded a judgment in favor of the wife and against the husband in the amount of $13,655. The motion to modify was denied.
The husband, through his attorney, filed a motion to alter, amend, or vacate or, in the alternative, a motion for a new trial. The husband personally filed a post-judgment motion.
After a hearing, the trial court denied the post-judgment motions. In its order denying the post-judgment motion, the trial court noted that “both parties [were] represented by counsel” at the hearing.
The husband appeals. The husband is appearing pro se on appeal.
On appeal the husband contends that the trial court abused its discretion when it denied his motion to modify or to terminate child support and when it awarded a judgment in favor of the wife for the child support arrearage and the educational and medical expenses of the minor child. The husband also contends that the trial court abused its discretion when it conducted a hearing without his presence.
There is in the instant appeal no court reporter’s transcript of the evidence, no statement of the evidence, and no agreed upon statement of the case. In such a situation, this court conclusively presumes that the trial court’s judgment is supported by the testimony presented at the ore tenus proceeding. See 3 Ala.Digest 2d, Appeal & Error, Key No. 907(2) (1993).
Our supreme court has held on previous occasions that a prisoner has no right to appear and testify in his own civil suit unrelated to his confinement. Hubbard v. Montgomery, 372 So.2d 315 (Ala.1979). However, as previously noted, the trial court stated in its orders that “both parties [were] represented by counsel” at the hearings.
In light of the above, we have no alternative but to affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.