Michael E. Feagin appeals to this court from a judgment dismissing his complaint. We reverse and remand.
On June 19, 2000, Feagin, who was incarcerated in the Pike County Jail on various charges against him in Pike and Coffee Counties alleged that he reached an agreement with Rickey Stokes, a bail bondsman, about posting bail for all of the charges in both counties totaling the amount of $34,600. Feagin claims that, although he did not have the cash to pay the 10% premium, Stokes agreed to accept his 1991 Ford Explorer Sport as collateral. Feagin claims that he and Stokes agreed that the bonds would be posted in both counties, and in the event that the bonds were not posted, the vehicle would be returned to Feagin's wife at their place of residence.
On December 12, 1999, Stokes picked up the vehicle from Feagin's wife at his residence. It was not until January 6, 2000, that Andrew Garner, an agent of A-Advantage Bail Bonds, arrived at the Pike County Jail to post, on Feagin's behalf, the bonds in Pike County which totaled the amount of $32,500. The agent allegedly informed the personnel at the Pike County Jail that, due to the lateness of the hour, he would return the following day and post the remaining bonds in the adjoining Coffee County. Feagin was then transferred to Coffee County because his bonds had been posted in Pike County. No bail bondsman ever came to Pike County to post bond for him, and his vehicle was never returned to his wife, as he claims that he and Stokes had agreed it would be in the event all of the bonds were not posted and he remained incarcerated.
On June 19, 2000, Feagin, pro se, sued Rickey Stokes, both individually and as the owner of A-Advantage Bail Bonds, and Andrew Garner, as Stokes' agent, for breach of contract seeking to recover $9500, which was the amount that Feagin claims that his vehicle was worth. On August 10, 2000, Feagin served interrogatories on Stokes and on September 6, 2000, on Feagin's motion, the trial court ordered Stokes to respond to Feagin's discovery requests. On November 17, 2000, Feagin, pursuant to Rule 36, Ala.R.Civ.P., served on Stokes, requests for admissions. A *Page 859 
hearing was held on all pending motions on November 20, 2000. Feagin was unable to attend the hearing due to his incarceration, and the trial court dismissed his complaint for failure to prosecute.
On December 18, 2000, Feagin mailed a postjudgment motion pursuant to Rule 59, Ala.R.Civ.P. When the Houston County Clerk received the motion in the mail, apparently she inadvertently docketed it on the date she received it which was January 5, 2001. The January 5, 2001, docket date on Feagin's postjudgment motion made his motion untimely pursuant to Rule 59, which requires that postjudgment motions be filed no later than 30 days after the final judgment is entered. In order to preserve his right to appeal, Feagin appealed to this court (appeal number 2000450) on January 5, 2001.
On January 12, 2001, the trial court presumably recognized the error of the clerk's office in failing to properly docket the postjudgment motion on December 18, 2000, the date it was mailed, pursuant to Houston v.Lack, 487 U.S. 266 (1988); and Veteto v. Yocum, 793 So.2d 814
(Ala.Civ.App. 2001), and the trial court granted Feagin's postjudgment motion. Thereafter, on Feagin's motion, this court dismissed his appeal number 2000450.
On March 21, 2001, the trial court restored the Feagin's action to its active docket and set the matter for trial on May 21, 2001. On March 29, 2001, Feagin filed a pleading entitled a "petition for writ of habeas corpus ad testificandum" requesting that he be transferred to the Houston County Courthouse on the date of his trial for the purpose of prosecuting his civil complaint. On April 17, 2001, the trial court denied this petition.
In the month prior to his trial date, Feagin propounded additional discovery to the defendant, Stokes. On April 9, 2001, he served a request for interrogatories, and on April 12, 2001, he served requests for admissions. Further, on May 10, 2001, Feagin filed, pursuant to Rule 31, Ala.R.Civ.P., a request to take a deposition of a confined person upon written questions. On May 14, 2001, Feagin filed a motion for summary judgment along with a brief containing a narrative fact summary, and an argument portion containing appropriate citations to authority and supporting sworn affidavits from witnesses who claimed to have been present when Stokes and Feagin reached an agreement on the terms of Feagin's bail bond and attested to the terms of the agreement entered into between Stokes and Feagin. In addition Feagin's summary-judgment motion was supported by what purported to be a deposition upon written questions which was properly notarized but for which leave of court had not been granted pursuant to Rule 31(a), Ala.R.Civ.P.
On May 14, 2001, the case action summary notes reflect a notation signed by the trial court judge that all pending motions would be ruled upon at the hearing which was set for May 31, 2001. The next notation on the case action summary sheet reads: "Plaintiff failing to appear or further prosecute case, complaint dismissed with prejudice. Notify." This notation is dated and signed by the trial court judge. On June 11, 2001, Feagin filed with the trial court, a motion pursuant to Rule 59, Ala.R.Civ.P., contending that the trial court abused its discretion in dismissing his complaint for failure to prosecute when he had sought, unsuccessfully, to secure his presence at trial, and had also attempted, in vain, to obtain leave of court to preserve his testimony for trial pursuant to Rule 31 and Rule 32(a)(3)(c), Ala.R.Civ.P. The trial court denied his motion on June 13, 2001. Feagin appealed to this court on June 29, 2001. *Page 860 
On appeal, Feagin contends that the trial court abused its discretion for dismissing his complaint for failure to prosecute. We agree. "Rule 41(b), Ala.R.Civ.P., provides from the dismissal of an action for want of prosecution. A 41(b)dismissal is a matter within the discretion of the trial court, and its judgment will be reversed on appeal only if there is an abuse of that discretion." M.J.F. v. J.W.,680 So.2d 302 (Ala.Civ.App. 1996), citing Belserv. Belser, 575 So.2d 1139 (Ala.Civ.App. 1991).
Our supreme court has held that "a prisoner has no right to be removed from his place of confinement in order that he might appear and testify in his own behalf in a civil suit unrelated to his confinement."Clements v. Moncrief, 549 So.2d 479, 481 (Ala. 1989). The Clements court held that the "`proper course for [an incarcerated party] is to take his own oral or written deposition under Rule 30 or 31, A.R.C.P., to be used at trial as specifically provided in Rule 32(a)(3)(c), A.R.C.P.'" Id., (quoting Hubbard v. Montgomery, 372 So.2d 315 (Ala. 1979)).
The record reflects that from his prison cell, Feagin did everything in his power to prosecute the civil claim he had filed. Both Rules 30(a) and 31(a), Ala.R.Civ.P., allow an incarcerated party to offer deposition testimony upon oral or written examination, in support of a claim, uponobtaining leave of court. In this case the trial court scheduled all pending motions, including Feagin's motion which was filed on May 10, to have his deposition testimony taken upon written examination pursuant to Rule 31, Ala.R.Civ.P. The record does not reflect that Feagin's motion to have his testimony preserved was ever considered by the trial court. Therefore, we conclude that the trial court effectively thwarted Feagin from following the "proper course" specifically laid out by our Supreme Court for prisoners who need to present evidence on their own behalf in order to prosecute their civil claims. Clements, supra.
Accordingly, the trial court's judgment is reversed and remanded to conduct proceedings consistent with this opinion.
REVERSED AND REMANDED.
Crawley and Murdock, JJ., concur.
Yates, P.J., and Thompson, J., concur in the result.