MURDOCK, Judge.
On November 20, 1986, the trial court divorced Rickey Lynn Cloud and Glenda Sue Cloud, incorporating an agreement between the parties that, among other things, ordered the father to pay $374.40 per month in child support for the parties’ three minor children. The father petitioned for a modification in March 1997, because, he said, the oldest child had become self-supporting; after conducting an ore tenus proceeding, the trial court reduced the father’s child-support payment to $225 per month in September 1997.
In September 2000, the father filed a petition to modify his child-support obligation based upon a change in circumstances, namely, his incarceration in a state correctional facility. He simultaneously filed an affidavit of substantial hardship and a request to waive prepayment of the filing fee. The trial court denied the father’s request to waive prepayment of the filing fee, and the father appealed that ruling to this court. We treated that appeal as a petition for a writ of mandamus and directed the trial court in June 2001 to hear the petition without prepayment of the filing fee. Ex parte Cloud, No. 2000504, — So.2d — (Ala.Civ.App.2001) (table).
On April 10, 2001, the father filed a motion for the appointment of a commissioner to take his deposition. The trial court denied that motion. Thereafter, in compliance with this court’s writ of mandamus, the trial court accepted the father’s petition and set the case for trial to be held on September 12, 2001. The father filed a “Motion to Transport” on August 10, 2001, seeking to be transported to and present at the hearing; the trial court also denied that motion. On September 5, 2001, the father moved that the hearing be transcribed by a court reporter, stating, in part, that he “is incarcerated and will not be able to attend his hearing to have his *650 child-support payments lowered.” The trial court entered an order on September 7, 2001, stating “[the father’s] motion to modify child support payments will be considered at trial on September 12, 2001.” On September 12, 2001, the trial court entered an order, stating, “at the call of the Docket, [the father] failing to appear, case is dismissed for failure to prosecute. Costs taxed to [the father].”
Our Supreme Court has stated that “a prisoner has no right to be removed from his place of confinement in order that he might appear and testify in his own behalf in a civil suit unrelated to his confinement.” Clements v. Moncrief, 549 So.2d 479, 481 (Ala.1989). However, that court has also said that a prisoner’s “proper course is to take his own oral or written deposition under Rule 30 or 31, [Ala. R. Civ. P.], to be used at trial as specifically provided in Rule 32(a)(3)(c), [Ala. R. Civ. P.].” Id. In order for a deposition of a prisoner to be taken in a civil action, whether upon oral examination or upon written questions, the trial court must grant leave. Rule 30(a) and 31(a), Ala. R. Civ. P. In this case, the trial court has prevented the father from following the “proper course” that the Supreme Court has specifically recognized a prisoner may take to present evidence on his behalf.
The father’s brief is admittedly not perfect nor “polished”; nevertheless, we conclude that it does not “substantially fail[] to comply with the requirements of Rule 28, [Ala. R.App. P.]” Compare McAliley v. McAliley, 638 So.2d 10, 10 (Ala.Civ.App.1994), and Braxton v. Stewart, 539 So.2d 284 (Ala.Civ.App.1988), with Propst v. Brown, 250 Ala. 282, 34 So.2d 497 (1948), and Thoman Engineers, Inc. v. McDonald, 57 Ala.App. 287, 328 So.2d 293 (Ala.Civ.App.1976); See also Rule 1, Ala. R.App. P. (providing that the Rules of Appellate Procedure “shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits”).
We reverse the judgment of the trial court and remand the cause for the trial court either to permit the taking of the father’s deposition or to permit his attendance at a hearing on the merits of his petition.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
YATES, P.J., dissents.