In February 2000, James McConico, Jr., an inmate at Holman Correctional Facility, filed a four-count complaint in the Escambia Circuit Court against numerous defendants. McConico alleged in count I that another inmate, Sylvester Kennedy, had assaulted him while McConico was working in the prison law library. McConico asserted in count II of his complaint that Lieutenant Lee Raines and Deputy Warden Grant Culliver were negligent in failing to file charges against Kennedy following the assault, that Raines and Culliver had engaged in a "cover up" of the assault, and that Raines and Culliver had wrongfully placed McConico in separate confinement in retaliation for his previous efforts to help other inmates file civil-rights actions. Count III of McConico's complaint asserted that Mike Haley, Commissioner of the Alabama Department of Corrections at the time this action was filed, had been negligent in failing to train Culliver and in promoting Culliver to deputy warden at Holman Correctional Facility (hereinafter "Holman prison") where McConico was assaulted by Kennedy. Count IV alleged that Culliver and another correctional officer, "Captain Pouncey," had moved McConico from a clean, heated prison cell into a very small, dirty, unheated cell in retaliation for his providing legal assistance to other inmates. McConico sought monetary relief and an injunction returning him to a dry, clean, and heated prison cell.
In March 2000, McConico amended his original complaint to add three additional counts. In his amended complaint, McConico alleged that Lt. Raines had altered the "incident report" regarding the assault so as to implicate McConico instead of Kennedy as the instigator of the inmates' fight; McConico asserted that the reason Raines filed that altered report was to retaliate for McConico's reporting other improper conduct that McConico alleged Raines had committed to the Alabama Ethics Commission. McConico also asserted that Raines had conspired with the other defendants and with Charlie Jones, the warden of Holman prison, to deprive him of his constitutional and civil rights. *Page 874 
McConico further asserted that Jones, Culliver, "Captain Pouncey," and Raines had conspired to improperly reclassify McConico from general-population confinement to solitary confinement solely to prevent him from assisting other inmates in their legal actions. McConico also asserted that two civil cases he had filed had been dismissed due to his removal from the general population to solitary confinement. Finally, McConico alleged that Jones and "Captain Pouncey" had abused their positions of authority by retaliating against McConico after he had filed the ethics complaint regarding Raines's alleged misconduct because that report allegedly also implicated Jones and "Captain Pouncey."
The defendants requested that the trial court issue an order requiring a more definite statement of McConico's claims, pursuant to Rule 12(e), Ala.R.Civ.P. McConico responded by voluntarily dismissing Counts III and IV of his original complaint, but he insisted that his other counts were sufficiently definite. In April 2000, McConico filed a motion to obtain affidavits from inmates at Holman prison in preparation for trial; the trial court denied that motion in June 2000. According to the case action summary sheet, the defendants' filed a motion to dismiss the action in September 2002; that motion was denied in October 2002. Subsequently, the trial court set the cause for trial on March 24, 2003.
After receiving notice of the trial date, McConico filed three motions: one to compel completion of discovery, one to allow the trial to be held at Holman prison if he should not be allowed to travel to the courthouse for trial, and one to provide for McConico to testify by deposition if his motion regarding the location of the trial was not granted. All three of those motions were stamped "filed" by the circuit court clerk during February 2003.
The case action summary sheet contains the following entry:
 "3-20-03 Counsel for defendants having contacted the court's judicial assistan[t] and informing her that he will submit on the pending motions, and the plaintiff having not appeared to argue said motions or otherwise contact the court regarding same, it is ordered that said motions are hereby denied."
On March 25, 2003, the trial court entered a judgment dismissing the case "for lack of prosecution, upon motion of counsel for the defendants made in open court." McConico filed a postjudgment motion contending that the trial court had abused its discretion in dismissing his complaint for failure to prosecute where he had sought by pretrial motion to secure his presence at trial or to obtain leave of court to preserve his testimony for trial by deposition; that postjudgment motion was denied. McConico filed a timely appeal to the Alabama Supreme Court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
McConico makes three allegations of error on the part of the trial court. The first, and dispositive, claim of error is that the trial court abused its discretion in failing to allow him the opportunity to testify by deposition and thereafter by dismissing his complaint for failure to prosecute. We agree.
The proper procedure for handling civil actions brought by incarcerated plaintiffs is well established. Although an inmate has no right to be present in court to prosecute a civil claim unrelated to his or her conditions of confinement[1], a court *Page 875 
that dismisses an inmate's action for lack of prosecution solely based on the inmate's failure to be present in court, when that inmate has filed appropriate motions to proceed with the litigation, denies that inmate equal access to the courts. See Spears v. Chandler, 672 F.2d 834 (11th Cir. 1982). That legal principle was clearly delineated in Bonner v. City of Prichard,661 F.2d 1206 (11th Cir. 1981), where the appellate court stated: "Prisoners have a constitutional right to `adequate, effective and meaningful' access to the courts." Id. at 1212 (quoting Bounds v. Smith,430 U.S. 817, 822 (1977)).
The Alabama Supreme Court, following federal strictures, has held that "a prisoner has no right to be removed from his place of confinement in order that he might appear and testify in his own behalf in a civil suit unrelated to his confinement." Clements v. Moncrief, 549 So.2d 479, 481
(Ala. 1989). The Clements court concluded that the "`proper course [for an incarcerated party] is to take his own oral or written deposition under Rule 30 or 31, [Ala.R.Civ.P.], to be used at trial as specifically provided in Rule 32(a)(3)(c), [Ala.R.Civ.P.]'" Id. (quoting Hubbard v.Montgomery, 372 So.2d 315, 316 (Ala. 1979)).
This court recently reviewed a similar situation in Feagin v. Stokes,837 So.2d 857 (Ala.Civ.App. 2002). In that case, an inmate's civil complaint against his bail bondsman was dismissed for lack of prosecution, while the inmate's motion to testify by deposition was still pending. This court held that the trial court was precluded from dismissing the inmate's claim for lack of prosecution where the inmate had done everything in his power to prosecute his claim, including filing a motion seeking to testify by deposition.
In this case, the record reflects that well before the case was dismissed for lack of prosecution, McConico had filed pretrial motions requesting that the trial court (1) allow him to come to trial in person, (2) hold the trial at the prison, or (3) allow him to give testimony by deposition. Both Rules 30(a) and 31(a), Ala.R.Civ.P., allow a party, upon obtaining leave of court, to take an incarcerated person's deposition upon oral or written questions. Although McConico argues that the trial court never ruled on his motion seeking to testify by deposition, the trial court did deny all of McConico's pending motions by its order entered on the case action summary sheet on March 20, 2003. Moreover, one of the reasons stated by the trial court in denying those motions was that "the plaintiff ha[d] not appeared to argue said motions or otherwise contact the court regarding same."
We conclude that the trial court abused its discretion in denying McConico's motion seeking to testify by deposition and then by dismissing the case for lack of prosecution. Just as in Feagin, such orders, taken together, "effectively thwart [a plaintiff prisoner] from following the `proper course' specifically laid out by our Supreme Court for prisoners who need to present evidence on their own behalf in order to prosecute their civil claims." Feagin, 837 So.2d at 860 (citing Clements, supra).
Accordingly, the trial court's judgment is reversed. The cause is remanded for the trial court to permit McConico leave to take his own deposition pursuant to Rules 30(a) and 31(a), Ala.R.Civ.P., or, in the alternative, to make other arrangements as are necessary to afford McConico access to the court.
REVERSED AND REMANDED WITH INSTRUCTIONS. *Page 876 
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
[1] McConico voluntarily dismissed count IV of his complaint; that count was the only challenge to his conditions of confinement.