Courtney Arrington appeals from a judgment dismissing his legal-malpractice action for want of prosecution. In October 2001, Arrington was tried and convicted of capital murder; he was subsequently sentenced to serve life in prison without the possibility of parole.
In September 2003, Arrington, acting pro se, filed the present action against Erskine Mathis and Belinda Weldon ("the defendants"), who represented him in connection with his murder trial. Arrington's complaint, as amended, alleged that the defendants were negligent or wanton in their representation of him, that they gave him erroneous legal advice, and that they deceived him about several matters. Arrington's complaint alleged that the defendants' negligence, wantonness, and deceit deprived him of effective assistance of counsel and caused him to be wrongfully convicted and incarcerated. The details of Arrington's allegations are not material to our decision in this case.
The defendants were served with the complaint on December 1, 2003, and they filed an answer on December 29, 2003. On February 5, 2004, Arrington filed a motion for a default judgment on the ground that no answer had been served on him at his prison mail address; that motion was denied.
In April 2004, Arrington served interrogatories and requests for production of documents on the defendants. It does not appear that the defendants responded to those discovery requests. Arrington subsequently filed several motions asking the trial court to compel the defendants to respond to his discovery requests; he also filed motions for sanctions. The motions relating to Arrington's discovery requests were denied without a separate written order or were never ruled on; it does not appear that the defendants ever responded in any way to any of Arrington's discovery requests.[1]
In April 2004, the defendants filed a motion for a summary judgment that was supported by affidavits and pleadings and transcripts from Arrington's criminal trial. In June 2004, Arrington filed a response to the defendants' summary-judgment motion that, among other things, requested that the court refrain from ruling on the defendants' motion until the defendants had responded to Arrington's discovery requests. A hearing on the summary-judgment motion was continued until the trial on September 13, 2004, but it does not appear that the trial court ever ruled on the motion.
On June 1, 2004, Arrington filed a motion requesting an order to have the sheriff transport him to court for the trial scheduled on September 13, 2004; a motion to take Arrington's oral or written deposition for use at trial pursuant to Rule 32(a)(3)(C), Ala. R. Civ. P.; and a motion to have the trial held at the prison where Arrington was incarcerated, which is located in the western part of Jefferson County. Those motions were denied or were never ruled on.
On August 19, 2004, Arrington filed a petition for a writ of habeas corpus ad testificandum, requesting that he be brought to the court for the trial of his case; a motion requesting an order to have the sheriff transport Arrington to the trial on September 13, 2004; and a motion for the appointment of counsel in this case. *Page 470 
Those motions were denied without a separate written order. On August 30, 2004, Arrington filed another petition for writ of habeas corpus ad testificandum, which was never ruled on.
On September 13, 2004, the trial was held as scheduled. Arrington did not appear at the trial in person or by counsel. However, Arrington's father, in whose favor Arrington had executed a written power of attorney, appeared and attempted to speak on Arrington's behalf and to present to the court affidavits and exhibits relevant to Arrington's case. The trial court refused to allow Arrington's father to participate in the trial because he was not a lawyer, and the trial court refused to accept the evidence brought to court by Arrington's father. On October 4, 2004, the trial judge dismissed Arrington's case for want of prosecution because Arrington was not present at the trial.
On November 3, 2004, Arrington filed a postjudgment motion asserting that his case had been erroneously dismissed for want of prosecution. Arrington argued that the trial court had erred in refusing to have him transported to court or to allow his deposition to be taken, and that the trial court had erred in not compelling the defendants to respond to Arrington's discovery requests. The trial court did not rule on the postjudgment motion, and, therefore, the motion was denied by operation of law 90 days after it was filed. See Rule 59.1, Ala. R. Civ. P.
Arrington appeals, contending that the trial court abused its discretion by dismissing his case for want of prosecution without affording him an opportunity to testify by deposition.[2]
The defendants have not filed a brief with this court.
We agree that the trial court abused its discretion by dismissing this action for failure to prosecute. "`Rule 41(b), Ala. R. Civ. P., provides for the dismissal of an action for want of prosecution. A 41(b) dismissal is a matter within the discretion of the trial court, and its judgment will be reversed on appeal only if there is an abuse of that discretion.'" Feaginv. Stokes, 837 So.2d 857, 860 (Ala.Civ.App. 2002) (quotingM.J.F. v. J.W., 680 So.2d 302, 303 (Ala.Civ.App. 1996)).
This court considered this issue in Feagin and stated:
 "Our supreme court has held that `a prisoner has no right to be removed from his place of confinement in order that he might appear and testify in his own behalf in a civil suit unrelated to his confinement.' Clements v. Moncrief, 549 So.2d 479, 481 (Ala. 1989). The Clements court held that the `"proper course for [an incarcerated party] is to take his own oral or written deposition under Rule 30 or 31, [Ala. R. Civ. P.], to be used at trial as specifically provided in Rule 32(a)(3)(c), [Ala. R. Civ. P.]"' Id. (quoting Hubbard v. Montgomery, 372 So.2d 315
(Ala. 1979))."
Feagin, 837 So.2d at 860.
 "Federal courts have been urged to be `"`imaginative and innovative'"' in dealing with inmate complaints. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (quoting Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977) (quoting in turn Taylor v. Gibson, 529 F.2d 709, *Page 471 
717 (5th Cir. 1976))). In fact, `[g]iven the charge to be "imaginative and innovative,"' at least one federal appellate court has urged the federal district courts to `consider all possibilities for affording a prisoner his day in court before dismissing his case. . . .' Poole, 819 F.2d at 1029. That court concluded that `[s]uch a harsh sanction "runs counter to the policy of the law favoring the disposition of cases on the merits."' Id. (quoting Holt v. Pitts, 619 F.2d 558, 562
(6th Cir. 1980)).
 "This state, too, `has a long-established and compelling policy objective of affording litigants a trial on the merits whenever possible.' Cincinnati Ins. Co. v. Synergy Gas, Inc., 585 So.2d 822, 827
(Ala. 1991)."
Brown v. Brown, 896 So.2d 573, 575-76 (Ala.Civ.App. 2004).
Like the prisoner/litigant in Feagin, Arrington did everything in his power to prosecute this action, including filing motions requesting that he be brought to court for the trial or that he be allowed to have his oral or written deposition taken under Rules 30(a) and 31(a), Ala. R. Civ. P. It appears that all of the foregoing petitions and motions were summarily denied or were never considered by the trial court. Therefore, we conclude that the trial court effectively thwarted Arrington from following the "proper course" specifically laid out by our Supreme Court for prisoners who need to present evidence on their own behalf in order to prosecute their civil claims. Feagin, supra; Clements, supra; McConico v. Culliver,872 So.2d 872 (Ala.Civ.App. 2003); and Radford v. Radford,917 So.2d 155 (Ala.Civ.App. 2005).
Accordingly, the trial court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.
[1] The defendants' failure to respond to Arrington's discovery requests is not at issue in this appeal.
[2] Arrington also contends that the present action is related to his confinement and that the trial court therefore erred in refusing to have him transferred to court for the trial. This argument is waived because Arrington did not present any authority for the proposition that this action relates to his confinement. Rule 28(a)(10), Ala. R.App. P. See also McConico v.Culliver, 872 So.2d 872, 875 n. 1 (Ala.Civ.App. 2003); andBrown v. Brown, 896 So.2d 573, 575-76 (Ala.Civ.App. 2004).