Arthur Earl Thompson, Jr., an inmate incarcerated in the Alabama correctional system, sued Deputy Warden Rodney Huntley, Correctional Officer I Jacqueline Morris, and Hearing Officer Timothy Pope (hereinafter referred to collectively as the "corrections defendants"), alleging that they had violated his constitutional rights in a prison disciplinary proceeding. Officer Morris had instituted a prison disciplinary proceeding against Thompson when she observed him indecently exposing himself in his segregation cell. After a hearing, Pope found Thompson guilty and sentenced him to 45 days of disciplinary segregation and 90 days of loss of store, phone, and visitation privileges. Upon a review of the disciplinary proceeding at Thompson's request, Deputy Warden Huntley determined that the hearing was not held within the prescribed 10-day period; thus, Deputy Warden Huntley proceeded to expunge the disciplinary action from Thompson's files. Because Thompson was already housed in the segregation unit[1] when he was charged with the disciplinary infraction, he remained there even after the disciplinary action was expunged.
The correctional defendants moved for a summary judgment, arguing that they were protected by both immunity under § 14, Ala. Const. 1901, and State-agent immunity. In addition, the correctional defendants argued that Thompson could not establish a claim under 42 U.S.C. § 1983 because Thompson had not suffered the loss of a liberty interest. See Sandinv. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418
(1995) (holding that an inmate has no liberty interest in being free of segregation). Before the September 28, 2006, *Page 495 
hearing on the summary-judgment motion, Thompson requested that he be transported to the hearing or, in the alternative, that he be allowed to give an oral deposition on an earlier date. The trial court denied his motion. After the summary-judgment hearing, at which Thompson was not present, the trial court entered a summary judgment in favor of the correctional defendants. Although the trial court entered the judgment before receiving Thompson's response to the correctional defendants' motion, the trial court noted on the case action summary sheet that it had considered Thompson's response once it was received and that the response did not change the trial court's opinion that a summary judgment was appropriate.
On appeal, Thompson raises two issues. He first argues that the trial court erred by failing to allow him to take his own oral deposition before the trial court entered a summary judgment against him. Secondly, Thompson argues that the trial court should not have entered the summary judgment because Thompson had not yet received necessary discovery. We do not find either argument persuasive.
First, although Thompson is correct that a trial court cannot dismiss an inmate's case for lack of prosecution
without giving the inmate the opportunity to prosecute the action either in person or by oral deposition, see Clementsv. Moncrief 549 So.2d 479, 481 (Ala. 1989); Feagin v.Stokes, 837 So.2d 857 (Ala.Civ.App. 2002); and McConicov. Culliver, 872 So.2d 872 (Ala.Civ.App. 2003), the trial court did not dismiss Thompson's case on the basis of a failure to prosecute. Instead, the trial court entered a summary judgment on the correctional defendants' motion. The failure of the trial court to allow Thompson to take his own deposition in this instance had no effect on the disposition of the case, and, if it was error at all, it was merely harmless error in this context. Rule 45, Ala. R.App. P.
Thompson's second argument on appeal is similarly unavailing. Thompson complains that the trial court should not have entered a summary judgment when the correctional defendants had not yet responded to his discovery requests.
 "Although the pendency of discovery does not alone bar a summary judgment, see Reeves v. Porter, 521 So.2d 963, 965 (Ala. 1988), and Hope v. Brannan, 557 So.2d 1208, 1212 (Ala. 1989), if the nonmoving party can demonstrate that the outstanding discovery is crucial to his case, then it is error for the trial court to enter a summary judgment before the discovery has been completed. Reeves, 521 So.2d at 965; Hope, 557 So.2d at 1212. To show that the discovery sought is crucial to his case, the nonmoving party should comply with Rule 56(f), which provides:
 "`Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.'"
Wright v. State, 757 So.2d 457, 459
(Ala.Civ.App. 2000).
Although he did mention in his response to the summary-judgment motion that he had not received "some very important documents]," Thompson did not file an affidavit, pursuant to Rule 56(f), Ala. R. Civ. P., setting out the discovery that was outstanding and explaining why it was crucial to his response to the summary-judgment *Page 496 
motion. We cannot hold the trial court in error for failing to grant a continuance under Rule 56(f) when none was requested, and we cannot reverse the judgment simply because discovery was pending. Reeves v. Porter,521 So.2d 963, 965 (Ala. 1988).
Thus, we have concluded that the procedural errors of which Thompson complains are not sufficient grounds for reversal of the judgment in favor of the correctional defendants. Because Thompson makes no argument concerning the merits of the judgment, we affirm that judgment without further discussion.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
[1] Thompson was housed in the segregation unit because he could not be housed in the general population.