THOMPSON, Presiding Judge.
 

 Samuel J. Hendricks sued his former employer, KW Plastics, Inc., seeking workers’ compensation benefits and alleging a claim of retaliatory discharge.
 

 The trial court conducted a bench trial on Hendricks’s workers’ compensation claim. On December 14, 2007, the trial court entered an order in which it found that Hendricks had suffered a compensa-ble injury, that KW Plastics had paid for medical treatment for that injury, and that KW Plastics had paid Hendricks temporary-total- and temporary-partial-disability benefits. The trial court further found, however, that there was no evidence indicating that Hendricks had suffered any permanent impairment or vocational loss as a result of his on-the-job injury. Therefore, in its December 14, 2007, order, the trial court ruled in favor of KW Plastics on Hendricks’s workers’ compensation claim, with the exception that KW Plastics was ordered to provide any future medical treatment Hendricks might require for his on-the-job injury.
 

 On January 10, 2008, Hendricks filed a pro se notice of appeal in this court in which he challenged the December 14, 2007, order. However, an appeal is effective only from a final judgment. This court asked the parties to submit briefs on the issue whether the December 14, 2007, order had adjudicated all Hendricks’s claims against KW Plastics so as to render that order a final judgment. This court later reinvested the trial court with jurisdiction for 14 days to make a determination whether to enter a final judgment with regard to the workers’ compensation claim.
 
 See Ward v. Ullery,
 
 412 So.2d 796, 797 (Ala.Civ.App.1982) (“Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.”). During the time in which it was reinvested with jurisdiction, the trial court, on March 18, 2008, entered an order certifying the December 14, 2007, order as final pursuant to Rule 54(b), Ala. R. Civ. P. Hendricks’s notice of appeal from the December 14, 2007, order became effective on March 18, 2008, when the trial court certified the earlier order as final pursuant to Rule 54(b).
 
 See
 
 Rule 4(a)(4), Ala. R.App. P. (“A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof.”). Hereinafter, we refer to the trial court’s ruling on Hendricks’s workers’ compensation claim as the “March 18, 2008, judgment.”
 

 
 *1291
 
 While the appeal of the March 18, 2008, judgment was pending in this court, the trial court, on May 2, 2008, entered a summary judgment in favor of KW Plastics on Hendricks’s retaliatory-discharge claim. Hendricks did not file .a notice of appeal challenging the May 2, 2008, judgment on his retaliatory-discharge claim. Hendricks’s brief on appeal contains an argument asserting that the trial court erred in entering a judgment in favor of KW Plastics on his retaliatory-discharge claim. However, because Hendricks did not appeal the May 2, 2008, judgment on that claim, this court does not have jurisdiction to consider the argument.
 
 See
 
 Rule 2(a)(1), Ala. R.App. P. (a timely notice of appeal is required to invoke the jurisdiction of an appellate court).
 

 In that part of his appellate brief challenging the March 18, 2008, judgment on his workers’ compensation claim, Hendricks argues that the trial court erred in ruling in favor of KW Plastics. However, in his brief submitted to this court, Hendricks cites as supporting authority only general references to Amendments 1 through 14 of the United States Constitution and to the Alabama Constitution of 1901. Hendricks fails to make specific arguments to this court attempting to explain the relevance of those authorities. Accordingly, we cannot say that Hendricks has complied with Rule 28(a)(10), Ala. R.App. P., which requires an appellant’s brief to contain “[a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.”
 

 We recognize that Hendricks appears pro se before this court. However,
 

 “[a] party acting pro se must comply with legal procedure and court rules and may not avoid the effect of the rules due to unfamiliarity.
 
 Hines v. City of Mobile,
 
 480 So.2d 1203 (Ala.1985);
 
 Hubbard v. Montgomery,
 
 372 So.2d 315 (Ala.1979). Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.
 
 Bowman v. Pat’s Auto Parts,
 
 504 So.2d 736 (Ala.Civ. App.1987). In view of [Hendricks’s] failure to substantially comply with the rules, we pretermit a discussion of the issues he attempts to raise in this case. It is not the duty nor the function of an appellate court to perform one’s legal research.
 
 Lokey v. State Department of Industrial Relations,
 
 527 So.2d 1327 (Ala.Civ.App.1988).”
 

 Lockett v. A.L. Sandlin Lumber Co.,
 
 588 So.2d 889, 890 (Ala.Civ.App.1991).
 

 The failure to comply with Rule 28 leaves this court with nothing to review; accordingly, we affirm the trial court’s March 18, 2008, judgment.
 
 Sullivan v. Alfa Mut. Ins. Co.,
 
 656 So.2d 1233 (Ala. Civ.App.1995);
 
 Lockett v. A.L. Sandlin Lumber Co.,
 
 supra; and
 
 Black v. Allen,
 
 587 So.2d 349 (Ala.Civ.App.1991).
 

 AFFIRMED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.