PER CURIAM.
John C. Hudgins, an inmate incarcerated at the Childersburg Work Release Center (“the work-release center”), appeals from a judgment of the Cherokee Circuit Court (“the trial court”) dismissing an action he had brought against Stephen Joel Anthony. We reverse and remand.
In 2012, Hudgins was convicted of trafficking in marijuana and sentenced to 15 *190 years in prison. In January 2014, after he had begun serving his sentence, Hudgins, acting pro se, sued Anthony. Hudgins alleged that, in 2013, Anthony had converted Hudgins’s mobile home (“the mobile home”), which was located in Cherokee County. As relief, Hudgins sought compensatory damages in the amount of $5,000, punitive damages in the amount of $25,000, and an order compelling Anthony to vacate the mobile home.
Along with his complaint, Hudgins filed an affidavit of substantial hardship seeking an order waiving the payment initially of the docket fee and service fees. In response to that affidavit, the trial court entered an order stating: “Affidavit of Hardship filed by John C. Hudgins ... is hereby GRANTED. Prepayment of the docket fee is hereby waived, but the Court reserves the right to tax [Hudgins] with costs during or at the conclusion of the case.” (Capitalization in original.)
The return on service following the initial attempt to serve Anthony with process indicated that he was not at the mobile home. Hudgins then notified the trial court that Anthony’s address was the Cherokee County Jail (“the jail”), and service of process on Anthony was subsequently perfected. Answering Hudgins’s complaint, Anthony denied that he had converted the mobile home.
In July 2014, the trial court set the action for a bench trial on September 3, 2014. In August 2014, Hudgins filed a motion (“the motion for transport”) seeking an order directing the Cherokee County Sheriffs Department to transport him from the work-release center to the trial on September 3, 2014. The trial court denied the motion for transport in an order entered on August 7, 2014, which stated:
“Motion to transport from confinement in prison to the civil trial (unrelated to his incarceration) in this case filed by John C, Hudgins ... is hereby DENIED. However, [Hudgins] shall be allowed to present testimony in compliance with Alabama Rules of Civil Procedure 30-31. Strict adherence to those rules will be expected.”
(Capitalization in original; emphasis added.)
Hudgins subsequently filed a motion asking the trial court to reconsider its denial of the motion for transport, which the trial court denied. Hudgins then filed a motion seeking a continuance of the September 3, 2014, trial setting so that he could take depositions pursuant to Rules 30 and 31, Ala. R. Civ. P., before trial. The trial court granted that motion and reset the trial for November 12,2014.
In September 2014, Hudgins filed a motion asking the trial court to appoint an officer (“the motion for the appointment of an officer”) before whom depositions upon written questions could be taken pursuant to Rule 31, Ala. R. Civ. P., and to set a date for those depositions. In pertinent part, the motion for the appointment of an officer stated:
“3. Rule 31(a), A[la]. R. Civ. P., provides that ![a]fter commencement of the action, any party may take the testimony of any person, including a party, by deposition upon written questions.’ The Rule further requires in pertinent part:
“ ‘A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer *191 before whom the deposition is, to be taken.’
“4. Due to the. unique circumstances of this case, that [Hudgins] is incarcerated, Hudgins would ask that the Court appoint an officer to take the depositions of the witnesses. After such appointment, Rule 31(b) requires that ‘[a] copy of a notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice; who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f),. to take-the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and. the questions received by. the officer.’
“5. The above considered, Hudgins prays that this Court will appoint an officer and to set a date certain for the taking of the depositions so that Hud-gins may prepare the questions for the witnesses, submit said questions to the appointed officer, and request that subpoenas issue, if necessary to compel attendance of the witnesses for the depositions.”
The motion for the appointment of an officer bore a certificate of service certifying that the motion had been given to prison officials for 'mailing to Anthony in care of the Cherokee County Sheriff at the jail. On September 11, 2014,: the trial court entered an order denying the motion for the appointment of an officer. That order stated:
“Motion to Appoint Officer to Take Deposition and Establish Time to Take Deposition filed by John C. Hudgins ... is hereby DENIED at this time. There appears to be no effort exerted by [Hud-gins] to comply with the rules regarding discovery (i.e., notification of the adverse party of the time and place, acquisition of an officer to take depositions, and/or other interrogatories sent to [Anthony]).”
(Capitalization in original.) Hudgins subsequently filed a motion asking the trial court to reconsider its denial of his motion for the ■ appointment of an officer, which the trial court denied on September 19, 2014.
Hudgins subsequently filed a motion asking the trial court to issue' subpoenas compelling the appearance of Anthony and several nonparty vSdtnesses (“the nonparty witnesses”) át the trial and submitted questions for the trial court to ask them at trial; however, the trial court denied his motion on the ground that he had not submitted the subpoenas and paid the requisite fees for the issuance of the subpoenas. Hudgins subsequently filed another motion asking the trial court to issue subpoenas to Anthony and the nonparty witnesses and attached subpoenas and written questions for the trial court to ask Anthony and the nonparty witnesses at trial, and he asserted that he was not required to pay fees for the issuance of the subpoenas because the trial court had approved his affidavit of substantial hardship. The trial court did not rule on that motion before the November 12,2014, trial.
On November 10, 2014, Hudgins filed an affidavit with documents attached to it. In the affidavit, Hudgins attested to the facts alleged in his complaint.
On November 12, 2014, the action was called for trial, and the trial court stated the following:
“THE COURT: We’ll go on the record in the case of John C. Hudgins vs. Stephen Joel Anthony. This is Case No.: CV-2014-00001.
“Mr.- Hudgins is the plaintiff in this case, and he is a resident of the Alabama Department of Corrections. The defen *192 dant, Mr. Stephen Joel Anthony, is not present in the courtroom, either.
“Mr. Hudgins has filed various motions in this case, one of which was a Motion to Continue the earlier set trial until today. That motion was granted. This matter has been set today for trial.
“Mr. Hudgins has presented no evidence in support of his claims, no depositions, no interrogatory testimony. And he is obviously not here. But the Court is not holding it against him that he is not present — [the court] has tried to make efforts to make him aware of the Rules of Civil Procedure that would allow him to present testimony in absen-tia.
“He has not done that so this case will be dismissed.”
On November 14, 2014, the trial court entered a final judgment, which stated:
“The above styled case came for a civil non-jury trial on the 12th day of November 2014. [Hudgins] is currently incarcerated in the state penitentiary, and his request to be physically present for this trial was denied. However, [Hudgins] was given the opportunity to conduct depositions and all other discovery allowed under the Alabama Rules of Civil Procedure. He failed to properly avail himself of those tools, and he also failed to request a continuance of this trial setting. [Anthony] was not present on the day of trial.
“It is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
“1. That the above styled case is DISMISSED with cost taxed to [Hud-gins].”
(Capitalization in original.)
On November 25, 2014, Hudgins filed what was, in substance, a Rule 59(e), Ala. R. Civ. P., postjudgment motion challenging the November 14, 2014, judgment. In pertinent part, that motion stated:
“1. This Court stated as grounds [for its judgment dismissing the action] that (1) Hudgins had ‘failed to properly avail himself of the tools available under the Alabama Rules of Civil Procedure in order to prosecute this case without being physically present for trial, (2) Hud-gins “was not present on the day of trial,’ and had (3) failed to ask for a continuance.
“2. Hudgins objects to that conclusion on the basis that, as far as this Court would allow, he followed the Rules of Civil Procedure to the letter in requesting subpoenas for witnesses, submitting written depositions for said witnesses, and submitting his own deposition/affidavit and other evidence. A continuance was thus not necessary.
“3. This Court has not pointed to any specific act or omissions in support of its conclusion that Hudgins failed to properly avail himself of the Rules. To the contrary, the record speaks for itself, in Hudgins’s favor. .
“4. Under the unique circumstances of this case, it is strikingly similar to the case of Cloud v. Cloud, 833 So.2d 649 (Ala.Civ.App.2002), [in] which [a trial court’s judgment dismissing an incarcerated person’s action] was reversed on appeal.... ”
The trial court denied Hudgins’s post-judgment motion the same day it was filed, and Hudgins timely appealed to this court. Because this is an appeal from a judgment entered in a civil action in which the amount at issue does not exceed $50,000, this court has jurisdiction over Hudgins’s appeal. See § 12-3-10, Ala.Code 1975.
Hudgins argues that the trial court erred in dismissing his action because, he says, the trial court’s actions prevented him from introducing evidence at trial in *193 the form of depositions on written questions. In Feagin v. Stokes, 837 So.2d 857 (Ala.Civ.App.2002), this court stated:
“Our supreme court has held that ‘a prisoner has no right to be removed from his place of confinement in order that he might appear and testify in his own behalf in a civil suit unrelated to his confinement.’ Clements v. Moncrief, 549 So.2d 479, 481 (Ala.1989). The Clements court held that the ‘“proper course for [an incarcerated party] is to take his own oral or written deposition under Rule 30 or 31, Apa], R. C[iv]. P., to be used at trial as specifically provided in Rule 32(a)(3)(c), A[la]. R. C[iv]. P.” ’ Id. (quoting Hubbard v. Montgomery, 372 So.2d 315 (Ala.1979)).”
837 So.2d at 860.
“In order for a deposition of a prisoner to be taken in a civil action, whether upon oral examination or upon written questions, the trial court must grant leave. Rule 30(a) and 31(a), Ala. R. Civ. P.” Cloud v. Cloud, 833 So.2d 649, 650 (Ala.Civ.App.2002). In the present case, the trial court granted leave for Hudgins to take his own oral or written deposition - pursuant to Rules 30 and 31, Ala. R. Civ. P., but it denied Hudgins’s motion for the appointment of an officer. Rule 28(a), Ala. R. Civ. P., provides:
“Within the United States— depositions to be used in this State shall be taken before an officer authorized to administer oaths by the laws of the United States, or of the State of Alabama, or of the place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has poioer to administer oaths and take testimony.”
(Emphasis added.) By denying Hudgins’s motion for the appointment of an officer, the trial court, in effect, prevented Hud-gins from taking his own deposition pursuant to either Rule 30 or Rule 31 and thereby committed reversible error. Cf. Cloud, supra; and Feagin, supra. Accordingly, we reverse the trial court’s judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.