This case involves a petition to terminate alimony.
The parties were divorced in September 1983. The divorce judgment, which incorporated the terms of the parties' written agreement, required the husband to pay the wife $750 per month as alimony and $500 per month as child support.
In 1985 the husband filed a petition for a modification of the divorce judgment, wherein he sought to have the alimony terminated. The trial court reduced his alimony obligation to $335 per month. In 1990 the husband *Page 488 
filed a second petition for a modification, which was denied.
In February 1995 the husband filed a third petition for a modification of the divorce judgment, alleging a material change in his financial circumstances since the trial court's previous order. Specifically, the husband alleged that his employment was terminated, that he was forced into bankruptcy proceedings, and that he was unable to pay his bills. The wife filed an answer and a counter-petition, wherein she sought to have the alimony increased. Following an ore tenus hearing, the trial court denied both parties' motions. Thereafter, the husband filed a postjudgment motion, which was denied.
The husband appeals.
At the outset we would note that this court, in O'Neal v.O'Neal, 678 So.2d 161, 165 (Ala.Civ.App. 1996), stated the following regarding the purpose of periodic alimony:
 "The purpose of periodic alimony is to support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage."
Periodic alimony may be modified when there has been a material change in circumstances of either or both parties.Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App. 1985). The burden of proving a change in financial circumstances of a party as a basis for modifying an alimony award is on the party seeking such a change. Stinson v. Stinson, 466 So.2d 971
(Ala.Civ.App. 1985).
The trial court's decision as to whether periodic alimony should be modified is within the trial court's discretion and will not be reversed on appeal unless there was such an abuse of discretion by the trial court as to render the judgment plainly and palpably wrong. Murphy, 470 So.2d 1297.
When we view the record with the attendant presumptions accorded the trial court, the following pertinent facts are revealed: The husband was employed by EFP South Corporation for 23 years. At trial he testified that when his employment was terminated in July 1994, he was earning $65,000 per year. Additionally, his company provided him with an expense account, a membership in a country club, a company car, health/life insurance, and other miscellaneous perks. When his employment was terminated, he remained unemployed for a period of 6 months, during which time he filed for relief under Chapter 7 of the bankruptcy code and was relieved from many of his debts. He was 54 years old at the time.
The husband is presently employed with SCI Systems, earning a base salary of $68,500. The husband testified, however, that he suffers a net loss each month of $463 after he pays his expenses. The husband further testified that he has remarried and that he has a new wife and a minor child to care for. His present wife does not work.
After the divorce the wife worked with McDonald-Douglas until her employment was terminated in May 1995. However, six months later, she was rehired by McDonald-Douglas through a temporary agency. She testified that her income decreased from $426 per week after taxes to $6.25 per hour gross. She further testified that she now has to purchase private insurance.
The wife also testified that she receives $400 per month from a Certificate of Deposit, which was funded from the settlement proceeds she received from an automobile accident. Thus, the wife's monthly income, which includes alimony, is approximately $1,700.
The wife stated that she suffers from health problems as a result of the automobile accident and that she spends approximately $1,600 per year for medication. The wife's parents apparently provided the down payment on the wife's home and purchased her an automobile. The wife testified that she is unable to repay her parents. In fact, the wife stated that she had to obtain a $4,600 loan from a bank to assist her in paying her bills which, she says, were delinquent. At the time of trial the wife was 52 years old.
Although the husband presented evidence of a net loss each month after paying his bills, the record reveals that his base salary *Page 489 
from his new employment increased by $3,500 per year. We note that since the divorce, the husband has been relieved of a $500 per month child support payment because his children are now emancipated. We would further reiterate that in 1985 the husband's monthly alimony payment was reduced from $750 to $335.
Additionally, we find particularly applicable to the present case the rule of law that one's ability to earn, as opposed to actual earnings, is a proper factor to be considered in determining whether periodic alimony should be terminated, increased, or reduced in modification proceedings. Ebert v.Ebert, 469 So.2d 615 (Ala.Civ.App. 1985).
In view of the above, we conclude that the trial court did not abuse its discretion in refusing to modify the periodic alimony obligation of the husband.
The husband next contends that the trial court erred in not correcting a clerical mistake in its order dated January 29, 1996. We agree. The order states that the "[husband] acknowledged in open court that he is three months in arrears on his current obligation to pay child support in the sum of $335 per month." That portion of the order obviously should have read "alimony" instead of "child support." It was the husband's alimony obligation that was $335 per month, and he acknowledged at trial that he was three months in arrears.
Rule 60(a), Ala. R. Civ. P., provides that clerical mistakes in judgments may be corrected by the trial court on its own initiative or by a motion made by the party. In the instant case the husband filed a post-judgment motion, which revealed this mistake. There is ample evidence indicating that the term "child support" should be replaced with the term "alimony."
In light of the foregoing, we reverse that portion of the trial court's order dealing with the arrearage owed by the husband and remand the case to the trial court for proceedings consistent with this opinion.
The judgment of the trial court is affirmed in part, reversed in part, and remanded.
In view of the totality of circumstances, the wife's request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in result only.