MOORE, Judge.
Barbara Ann Stone (“the mother”) appeals from a judgment entered by the Henry Circuit Court (“the trial court”) modifying the terms of a July 13, 2006, divorce judgment by increasing the child-support and alimony obligations payable by Scott E. Stone, Jr. (“the father”). We affirm.
On October 16, 2006, the mother filed a petition to modify the terms of the parties’ divorce judgment.[1] The mother alleged that, since the entry of the divorce judgment, material changes of circumstances had occurred warranting, among other modifications of the judgment, an increase in the child-support and alimony obligations payable by the father to the mother. After a long and convoluted procedural history, the trial court conducted a trial on the petition on June 4, 2008.
Following that trial, on July 23, 2008, the trial court entered a final judgment. In that judgment, the trial court found:
“At the time the [mother] filed her petition for modification, the [father] had obtained a new job working as a civilian employee in Iraq earning approximately $170,000.00 per year. The [father] held that job from August 2006 until April 2008, when he resigned and took his present job as an aircraft mechanic which pays $20.00 per hour. Although the [father] claims he is not currently working a full 40 hours per week, this Court will impute a 40-hour work week to the [father] at a rate of $20.00 per hour. Therefore, for the purposes of *1230 child support calculations, the [father’s] gross income is $3,467.00 per month.”
Based on those factual findings, the trial court awarded the mother retroactive child support in the amount of $1,000 per month covering the period from October 16, 2006, the date the mother filed her petition to modify, to April 2008, when the father quit working in Iraq, subject to a credit of $500 per month for child support the father had already paid during that period. The judgment further awarded the mother $511 in future monthly child support to commence on August 15, 2008. The judgment also ordered the father to pay one-half of the mortgage, taxes, and homeowners’ insurance on the marital residence for 24 months from the date of the judgment and to quitclaim any interest in the marital residence to the mother at the end of the 24-month period, at which time the father was to pay the mother $500 per month in alimony for an additional 24 months.
The day after the trial court entered the final judgment, the mother filed a contempt motion in which, among other things, she accused the father of having lied to the trial court during the trial about his employment. On August 5, 2008, the mother filed a motion to correct clerical errors in the judgment. On August 11, 2008, the trial court corrected the clerical errors and held an ore tenus hearing on the mother’s contempt motion. At that hearing, the father denied that he had only taken a leave of absence from his job in Iraq as the mother had alleged. The father also denied that he intended to return to work in Iraq or to find work in Kuwait. On August 15, 2008, the trial court entered an order denying the contempt motion, but again amending the final judgment, this time to change the schedule of the child-support and alimony payments to be paid by the father.
On August 20, 2008, the mother filed a motion to alter, amend, or vacate the final judgment. The trial court denied that motion on August 25, 2008. The mother appealed to this court on September 8, 2008.
On appeal, the mother argues that the trial court erred in failing to impute a higher income to the father for the purposes of determining child support and alimony. In this case, the trial court, by imputing income to the father in excess of his actual earnings at the time of trial, impliedly found that he was voluntarily underemployed. See Turner v. Turner, 745 So.2d 880, 883 (Ala.Civ.App.1999) (“The trial court did not make the explicit finding that the husband was voluntarily unemployed or underemployed. However, we conclude that such a finding is implicit in the language of the trial court’s judgment [imputing income to the husband].”); see also G.B. v. J.H., 915 So.2d 570, 574 (Ala.Civ.App.2005) (holding that trial court may impute income to parent for child-support purposes without making express finding that parent is voluntarily unemployed or underemployed). Rule 32(B)(5), Ala. R. Jud. Admin., provides, in pertinent part:
“If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent’s imputed income. In determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job op *1231 portunities and earning levels in the community.” [2]
In cases of voluntary underemployment, the amount of income to be imputed to the parent is a question of fact to be decided based on the evidence presented to the trial court. See G.B. v. J.H., supra; see also Clements v. Clements, 990 So.2d 383, 394 (Ala.Civ.App.2007) (quoting Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala.Civ.App.1992)) (“The trial court is afforded the discretion to impute income to a parent for the purpose of determining child support, and the determination that a parent is voluntarily unemployed or underemployed ‘is to be made from the facts presented according to the judicial discretion of the trial court.’ ”). We may reverse a judgment imputing income to a voluntarily underemployed parent that is based on ore tenus evidence only if that judgment is so unsupported by the evidence as to be plainly and palpably wrong. G.B. v. J.H., 915 So.2d at 575.
Likewise, when determining the amount of periodic alimony to be awarded, the trial court shall consider the earning capacity of the parties. See, e.g., Ebert v. Ebert, 469 So.2d 615, 618 (Ala.Civ.App.1985) (“[The] ability to earn, as opposed to actual earnings, is a proper factor to con-sicler in deciding ... an initial award of ... periodic alimony .... ”). As with the matter of voluntary underemployment for child-support purposes, the factual question of the earning capacity of a spouse is to be decided by the trial court as an exercise of its judicial discretion. See Lackey v. Lackey, 18 So.3d 393 (Ala.Civ.App.2009). Hence, we may reverse a judgment based on a finding regarding the earning ability of a spouse for alimony purposes only if the trial court has exceeded its discretion in making that finding. See Warner v. Warner, 693 So.2d 487, 488-89 (Ala.Civ.App.1997).
In this case, the mother essentially maintains that the father still had the opportunity to work as a civilian employee in Iraq earning $18,000 per month but that he intentionally quit that job in order to earn less wages to lower his alimony and child-support obligations. The mother maintains that, because of the voluntary underemployment of the father, the amounts the trial court awarded to her for child support and periodic alimony are incorrect and inequitable.
Unfortunately for the mother, we cannot address her contentions because she has failed to supply the transcript of the June 4, 2008, trial.[3] “ ‘[W]hen a trial *1232 court’s order is based on evidence that is not before the appellate court, we conclusively presume that the court’s judgment is supported by the evidence.’ ” Leeth v. Jim Walter Homes, Inc., 789 So.2d 243, 247 (Ala.Civ.App.2000) (quoting Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App.1993)). Therefore, this court must presume that the trial court had before it sufficient evidence to infer that the father was no longer capable of earning an income beyond the amount imputed to the father by the trial court. As a result, we cannot say that the trial court exceeded its discretion in finding that the father had an earning capacity of only $3,467.00 per month, and, thus, we cannot conclude that the trial court’s judgment is plainly and palpably wrong.[4]
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The mother also filed a contempt motion as part of the petition. The trial court granted the motion for contempt. The mother has not raised any issue regarding the contempt motion, so we will not address it further.

. By order dated November 19, 2008, the Alabama Supreme Court amended Rule 32, Ala. R. Jud. Admin., including the child-support guidelines, effective January 1, 2009. By order dated February 25, 2009, the Alabama Supreme Court amended Rule 32(A)(4) and Rule 32(B)(7), Ala. R. Jud. Admin., effective March 1, 2009. Those amendments are not applicable in this case.

. The record shows that the mother ordered the transcript of only the August 11, 2008, contempt hearing. Three copies of that transcript appear in the appellate record, but the record does not contain a copy of the transcript from the June 4, 2008, trial. It was tire evidence from the June 4, 2008, trial upon which the trial court based its findings regarding the income to be imputed to the father. At the August 11, 2008, hearing, the trial court questioned the father regarding the mother’s allegation in her contempt motion that the father had lied to the trial court on June 4, 2008, when he testified that he had quit his job in Iraq, when, according to the mother, he had in actuality obtained only a leave of absence. The father denied that allegation, and the trial court did not find him in contempt of court. The transcript from the August 11 hearing contains no evidence regarding the reason the father quit working in Iraq, no evidence relating to any opportunity the father had to return to work in Iraq, and no evidence establishing the amount of earnings the father could expect to earn if he *1232 could return to work in Iraq. In her brief to this court, the mother sets out facts regarding her contentions on these subjects without citing to any evidence in the record. This court cannot consider those factual assertions. See Rule 28(a)(7), Ala. R.App. P.

. Because we dispose of the case on the basis that the mother did not provide a transcript of the June 4, 2008, trial, we need not consider the father’s argument that his employment income from his job in Iraq could not be considered under Rule 32(B)(5), Ala. R. Jud. Admin., because that rule authorizes trial courts to impute income based only on "the prevailing job opportunities and earning levels in the community.”