[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10609
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00512-CG-M

JANOS FARKAS,

Plaintiff-Appellant,

COLONY L8 TRUST, et al.,

Plaintiffs,

versus

SUNTRUST MORTGAGE, INC.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 30, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Janos Farkas *pro se* appeals the district court's grant of the defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss his claims challenging SunTrust Mortgage, Inc.'s ("SunTrust") foreclosure action against his real property, brought pursuant to the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e-1692g, and Alabama state law. Farkas argues on appeal that his complaint did state a claim for relief, asserting that, based on data in the Mortgage Electronic Registration Systems, Inc. ("MERS") database, SunTrust is not the creditor and owner of the debt. Farkas also contends that the district court erred in considering the form of his *pro se* complaint rather than its substance.

We review *de novo* the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010). In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." Id. at 1380 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1964-65, 1974, 167 L.Ed.2d 929 (2007)). A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S.Ct. at 1974. "*Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). This liberal construction, however, "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds*, see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

Farkas's claim that SunTrust had to establish a "proof of claim" under the U.C.C. to enforce the promissory note as a "negotiable instrument" did not state a claim for relief under Alabama law. A foreclosure is an action on a mortgage and, as such, is not governed by the U.C.C. See Ala. Code 7-3-104(a) (1975) (defining a negotiable instrument); Ala. Code §§ 35-10-11 to 35-10-14 (1975) (Alabama's foreclosure statute); Triple J Cattle, Inc. v. Chambers, 551 So.2d 280, 282 (Ala. 1989) (stating that, upon a default, the mortgagee has various remedies, including

obtaining a judgment on the note secured by the mortgage and a separate action to foreclose the mortgage). Alabama's foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the "power of sale" contained in the mortgage, but the statute does not provide a cause of action for a mortgagor to require the mortgagee to establish proof of claim prior to initiating the foreclosure. See Ala. Code §§ 35-10-11 to 35-10-14 (1975). Farkas did not allege sufficient facts to support a claim for relief under Alabama law such that the district court did not err in dismissing his complaint.

**AFFIRMED.**