PITTMAN, Judge.
In April 2011, Troy Bank & Trust Company (“the bank”) brought an action in the Coffee Circuit Court seeking the ejectment of Fredrick J. Douglas and Linda L. Douglas from a particular parcel of real property located in Coffee County. In its complaint, the bank alleged, in pertinent part, that the Douglases had mortgaged that property to secure the repayment to the bank of a particular promissory note, but had defaulted in making payments on that note, whereupon the bank had foreclosed upon the mortgage and had subsequently purchased the real property at an auction held pursuant to the power of sale in that mortgage; the bank further alleged, in paragraph 4 of its complaint, that although the bank had made a demand for possession of the property, the Douglases were continuing to occupy the property, and it contended that the Douglases had thereby forfeited their rights of redemption as to the property. The Douglases answered the complaint, admitting the truth of paragraph 4 but otherwise denying the bank’s statements. After the Douglases had filed their answer, the bank filed a motion seeking a trial setting; on May 27/2011, the trial court set an initial trial date of June 22, 2011.[1] The Douglases filed a motion to continue, which was granted, and a new trial date of September 6, 2011, was set.
On September 1, 2011, the Douglases filed a motion to dismiss, asserting that the trial court lacked subject-matter jurisdiction because, they said, the bank was not a “holder in due course” of the note or the mortgage made the basis of the foreclosure sale and that the bank had failed to surrender to the Douglases the “original wet ink signature promissory note and mortgage.” After an ore tenus proceeding (the transcript of which does not appear in the record), the trial court entered a judgment in favor of the bank and awarded the bank possession of the property at issue. The Douglases, after the denial of their postjudgment motion filed pursuant to Rule 59(e), Ala. R. Civ. P., appealed; their appeal was transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6).
In their appellate brief, and citing various portions of the Uniform Commercial Code (“UCC”), the Douglases, appearing pro se as they did throughout the proceedings in the trial court, argue that the trial court did not have subject-matter jurisdiction because, they say, the bank neither surrendered the original promissory note *183 and mortgage to them nor filed those documents with the trial court.[2] This sort of challenge to creditors’ rights has been raised in a sufficient number of cases arising in states that, like Alabama, authorize foreclosure by means other than judicial action (such as a contractually reserved power of sale) that the contention itself has earned the shorthand moniker “show me the note.” See generally Diessner v. Mortgage Elec. Registration Sys., 618 F.Supp.2d 1184, 1187 (D.Ariz.2009) (noting that federal “district courts ‘have routinely held that [the] “show me the note” argument lacks merit,’ ” citing opinions by federal district courts sitting in Arizona, Nevada, and California, and further holding that “Arizona’s non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings”).
In Farkas v. Suntrust Mortgage, Inc., Civil Action No. 10-0512-CG-M, December 15, 2010 (S.D.Ala.2010) (not reported in F.Supp.2d), a federal magistrate judge considering whether to allow similar claims presented by a debtor in an offensive, rather than a defensive, capacity, agreed in his report and recommendation with the proposition that, under Alabama law, such “show me the note” contentions do not prevent a creditor from attaining possession of property mortgaged as security for repayment of a debt:
“[A]s best the Court can understand it, ... Plaintiffs want Defendants to prove that they have the legal authority to foreclose on the purchased properties before they take such action; these have been referred to as ‘show me the note’ claims. See, e.g., Zambrano v. HSBC Bank USA, Inc., [Civil Action No. 01:09-cv-996] (E.D.Va. May 25, 2010) [not reported in F.Supp.2d]. To this end, Plaintiffs have referenced various laws which the Court will now consider.
“Defendants have argued that Plaintiffs’ fundamental justification for this action is without support as Alabama is a non-judicial foreclosure state and the proof that Farkas seeks is not required .... Alabama statutes set out the procedures for foreclosing on property in this State which do not require the parties to go into court; nothing therein provides for the relief Plaintiffs claim they are due. See Ala.Code [1975], §§ 35-10-11 [et seq.] Plaintiffs have directed this Court’s attention to no law supporting their assertions of ‘show me the note.’ On the other hand, Defendants have pointed to federal court decisions which have rejected such claims in non-judicial foreclosure states. See Zambrano [, supra ]; Pelzel v. First Saving Bank Northwest, [No. C10-5688BHS] (W.D.Wash. September 27, 2010) [not reported in F.Supp.2d]; Diessner v. Mortgage Electronic Registration Systems, 618 F.Supp.2d 1184, 1187 (D.Ariz.2009). Finding those opinions consistent and well-reasoned, coupled with Plaintiffs’ failure to demonstrate any law which supports their assertions, the Court finds that Plaintiffs have not stated a viable claim in asserting that Defendants need to demonstrate ownership of the mortgage note before taking any action against them.
“Plaintiffs have also referenced Article 3 of the [UCC] in asserting Defendants’ need to ‘show them the note’.... Under Alabama law, the UCC is irrelevant to non-judicial foreclosure proceedings (see Ala.Code [1975,] §§ 35-10-11 *184 through 14). Plaintiffs’ claim is without merit.”
The reasoning of the magistrate judge’s report and recommendation, which was adopted by . the presiding district judge as the district court’s own opinion supporting its judgment of dismissal (see Farkas v. Suntrust Mortg., Inc., Civil Action No. 10-0512-CG-M (S.D.Ala. January 5, 2011) (not reported in F.Supp.2d)), was later endorsed in large measure by the United States Court of Appeals for the Eleventh Circuit, which affirmed the district court’s judgment:
“Farkas’s claim that SunTrust had to establish a ‘proof of claim’ under the [UCC] to enforce the promissory note as a ‘negotiable instrument’ did not state a claim for relief under Alabama law. A foreclosure is an action on a mortgage and, as such, is not governed by the [UCC]. See Ala.Code [1975, § ] 7-3-104(a) ... (defining a negotiable instrument); Ala.Code [1975,] §§ 35-10-11 to 35-10-14 ... (Alabama’s foreclosure statute); Triple J Cattle, Inc. v. Chambers, 551 So.2d 280, 282 (Ala.1989) (stating that, upon a default, the mortgagee has various remedies, including obtaining a judgment on the note secured by the mortgage and a separate action to foreclose the mortgage). Alabama’s foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the ‘power of sale’ contained in the mortgage, but the statute does not provide a cause of action for a mortgagor to require the mortgagee to establish proof of claim prior to initiating the foreclosure.”
Farkas v. SunTrust Mortg., Inc., 447 Fed.Appx. 972, 973 (11th Cir.2011) (emphasis added).
At a minimum, then, the substantive merits of the Douglases’ “show me the note” attack upon the trial court’s subject-matter jurisdiction are suspect.[3] The Douglases have cited no authority in which a nonjudicial foreclosure has been held invalid for failure to produce or present original documentation evidencing the underlying debt and security for repayment thereof. The record reveals that the bank introduced into evidence at trial various evidentiary exhibits, including photocopies of a note and a mortgage instrument bearing the Douglases’ signatures and the date of February 8, 2008. Because, in this case, we must conclusively presume, in the absence of a trial transcript, that the court’s judgment is supported by the omitted evidence, see Stone v. Stone, 26 So.3d 1228, 1231-32 (Ala.Civ.App.2009), we conclusively presume that the trial court deemed those photocopies sufficient to prove the bank’s right to seek ejectment. See Rule 1003, Ala. R. Evid. (admissibility of photocopies); cf. Ala.Code 1975, § 7-3-309(a) (UCC provision applicable to negotiable instruments setting forth circumstances under which a person is entitled to enforce such an instrument despite lacking possession of it).
Because the Douglases have failed to demonstrate that the trial court, our state’s court of general jurisdiction (see § 142(b), Ala. Const.1901), did not have subject-matter jurisdiction to adjudicate the bank’s ejectment claim, we conclude *185 that the judgment under review is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. We would remind the Bench and Bar that Rule 40(a), Ala. R. Civ. P., provides, subject to certain limited exceptions not present in this case, that "[t]he trial of actions shall be set ... at least sixty (60) days before the date set for trial.''

. The bank has not favored this court with a brief.

. Moreover, to the extent that the Douglases appear to contend that claimed violations on the part of the bank of the federal Real Estate Settlement Procedures Act, codified at 12 U.S.C. § 2601 et seq., vitiate the bank's right to seek ejectment, we note our recent holding in Coleman v. BAC Servicing, 104 So.3d 195 (Ala.Civ.App.2012), to the contrary; in that case, we said that a foreclosing entity's violations of another federal statute, i.e., the Federal Housing Act, pertaining to loss mitigation “may not be raised as a defense to an ejectment action following a nonjudicial foreclosure.” 104 So.3d at 206.