PER CURIAM.
Tina M. Stone Ballentine, Bobby Stone, and Peggy Stone (collectively “the Stones”) appeal from a summary judgment entered in favor of Alabama Farm Credit, ACA (“AFC”), on its claims against the Stones. AFC sued the Stones for ejectment and rent in connection with the foreclosure of certain property the Stones had purchased with a loan from AFC. The counterclaims asserted by the Stones were “stricken,” and the relief requested in those claims was explicitly denied in a separate order. The Stones did not appeal from the order denying their counterclaims.
Jon Stone, who is the son of Bobby Stone and Peggy Stone, also purportedly appeals from the summary judgment entered in favor of AFC; however, he was not a party in the action below. His name does not appear on the loan or mortgage documents relevant to this case, and AFC did not name him as a defendant. Although late in the proceedings the Stones began to include Jon’s name in the style of the case, he never moved to intervene in or otherwise join the action, and the record indicates that he was never added as a party to the case. In Mars Hill Baptist Church of Anniston, Alabama, Inc. v. Mars Hill Missionary Baptist Church, 761 So.2d 975, 980 (Ala.1999), our supreme court stated:
“The law in the area of standing for purposes of appeal is well settled. One must have been a party to the judgment below in order to have standing to appeal any issue arising out of that judg *1007 ment. Triple J Cattle, Inc. v. Chambers, 621 So.2d 1221 (Ala.1993). When a court denies a nonparty’s motion to intervene in an action, that nonparty cannot appeal from the final judgment in that action because it never became a party to that action. Duncan v. First Nat’l Bank of Jasper, 573 So.2d 270, 273 (Ala.1990).”
Because Jon Stone was not a party to this action, he has no standing to appeal from the judgment, and he is not included in our references to the Stones in this opinion.
The record indicates the following. In June 2003, AFC, known at that time as Federal Land Bank Association of North Alabama, FLCA,[1] made a loan of $283,000 to the Stones. The loan was secured by a mortgage on approximately 40 acres of certain real property in Marshall County (“the property”). The Stones executed the mortgage in favor of AFC, which remains the holder in due course of the mortgage.
In November 2010 and May 2011, the Stones failed to make the semiannual payments on the loan. AFC exercised its right pursuant to the mortgage to call for payment of the loan in full. The Stones failed to pay AFC, and foreclosure proceedings were instituted on the property. On July 14, 2011, a foreclosure sale was conducted in accordance with Alabama law, and AFC purchased the property for $112,500. That amount did not cover the balance the Stones owed on the loan, however.
The foreclosure deed conveying the property to AFC was recorded in the Marshall Probate Court on July 14, 2011. On July 18, 2011, AFC provided the Stones with written notice that it had purchased the property and demanded possession of the property within ten days. The Stones refused to vacate the property, and they did not pay rent for their continued use or occupancy of the property.
On October 11, 2011, AFC filed an ejectment action against the Stones. It also sought rent from the Stones for the time during which they refused to vacate the property. The Stones, appearing in this action pro se, propounded discovery to AFC in which they sought, among other things, original documents related to the loan and the mortgage. AFC responded with general objections, stating, for example, that the Stones’ requests were over-broad and sought privileged information, and the like. However, in a letter dated April 27, 2012, AFC also provided the Stones with more than 800 pages of copies of documents, and it offered to allow the Stones to inspect the original documents.[2]
On May 9, 2012, AFC filed a properly supported motion for a summary judgment in the ejectment action. The Stones filed a response; however, they did not include any evidentiary materials with their response. On May 23, 2012, the Stones moved to dismiss AFC’s action. Other motions and responses were filed in the action, and on July 24, 2012, the Stones filed their own “petition for summary judgment,” which included affidavits from the Stones. The gist of the Stones’ unsupported assertions is that AFC did not disclose “all of the facts” surrounding the loan and that, somehow, the loan or the mortgage was fraudulent. None of the assertions or materials submitted by the Stones related to their failure to make the required loan *1008 payments, AFC’s resulting foreclosure on the property, or AFC’s efforts to eject the Stones from the property.
On July 30, 2012, after a hearing on the various motions, the trial court granted AFC’s motion for a summary judgment; however, the judgment did not address AFC’s claim for the reasonable rental value of the property after the Stones refused to vacate it. By a separate order entered on July 30, 2012, the trial court denied the Stones’ motion to dismiss the ejectment action. The Stones filed a purported post-judgment motion, which was denied on September 5, 2012. In the order denying the purported postjudgment motion, the trial court also “struck” the Stones’ request for a summary judgment. Ballen-tine and Bobby Stone appealed from the July 30, 2012, order. This court assigned that appeal case number 2120026.
On November 16, 2012, this court entered an order in case number 2120026 reinvesting the trial court with jurisdiction to enter a final judgment addressing “all claims and forms of relief requested.” On November 30, 2012, the trial court entered a final judgment awarding AFC $3,000, which it determined was the reasonable rental value of the property during the Stones’ “wrongful occupancy” of that property. The trial court stated that all AFC’s claims had been ruled upon and all the Stones’ claims had been denied; therefore, the judgment of November 30, 2012, was a final judgment. The Stones timely appealed from the November 30, 2012, judgment. This court assigned that appeal case number 2120268. The two appeals were consolidated.
In its brief on appeal, AFC questioned this court’s jurisdiction over the appeal of the ejectment action, citing numerous appeals of ejectment actions that had been initially filed in the Alabama Supreme Court and then transferred to this court. This court therefore transferred the appeals to the Alabama Supreme Court, which, in turn, transferred the appeals back to this court pursuant to § 12-2-7(6), Ala. Code 1975.
It is questionable whether the Stones’ brief on appeal complies with the requirements of Rule 28(a), Ala. R.App. P. Their “Statement of the Issues” consists of 28 numbered statements that are assertions of fact and not issues to be considered on appeal, as required by Rule 28(a)(6). To the extent the Stones’ “Statement of the Issues” can be construed as a statement of facts, there are no references to the record, as required by Rule 28(a)(7). The Stones’ legal argument also consists of numbered statements, some of which contain footnotes to legal propositions. However, how those legal propositions relate to the statements is unclear. Nonetheless, we have attempted to discern the issues that the Stones are raising on appeal.
The Stones appear to argue that the trial court did not have jurisdiction in this matter because, they say, AFC did not have standing in this case. In support of their assertion, the Stones claim that when, in response to their requests for production of documents, “AFC stated that [it] did not have ‘custody, possession or control of the documents[’] in question, subject matter was forfeited and therefore standing does not exist.” It appears that the Stones contend that if AFC did not have “custody, possession or control” of the documents requested, including the original promissory note for the loan and the original mortgage, then it did not have standing to foreclose on the property.
The Stones’ argument is without merit. As mentioned, AFC objected to the Stones’ request for documents “to the extent” those documents were “not in the custody, possession or control of [AFC] or which *1009 could be obtained from another source.” That objection is not a statement that AFC did not possess the documents at issue, as the Stones would have this court believe. Moreover, AFC provided the Stones with 804 Bates-stamped pages of documents in response to the requests for production and also notified the Stones that it would make available for their inspection any original documents that were not privileged, in compliance with Rule 34, Ala. R. Civ. P. Although there is no requirement that discovery be filed with the court as part of the clerk’s record, we note that copies of the promissory note and the mortgage relating to the property are included in the record on appeal as part of AFC’s evidentiary submission in support of its motion for a summary judgment.
In their brief to this court, the Stones claim that their receipt of the Bates-stamped documents are of no consequence because, they say, AFC was “not ... the true party in interest and producing purported documents at a later point in time is fraud.” (Emphasis in the original.) They do not explain how AFC’s producing the Bates-stamped copies of the documents they requested constitutes fraud.
The Stones have not cited any authority for the proposition that a party loses standing to prosecute a case if that party fails to respond adequately to discovery requests.
“Rule 28(a)(10)[, Ala. R.App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived. Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 923 (Ala.2002); Arrington v. Mathis, 929 So.2d 468, 470 n. 2 (Ala.Civ.App.2005); Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘This is so, because “ ‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’ ” ’ Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007) (quoting Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003), quoting in turn Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).”
White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008).
To the extent that the Stones are arguing that AFC had to produce original documents as evidence in support of its motion for a summary judgment, this court has recently considered that issue and concluded otherwise. In Douglas v. Troy Bank & Trust Co., 122 So.3d 181, 183 (Ala.Civ.App.2012), this court wrote:
“The Douglases have cited no authority in which a nonjudicial foreclosure has been held invalid for failure to produce or present original documentation evidencing the underlying debt and security for repayment thereof. The record reveals that the bank introduced into evidence at trial various evidentiary exhibits, including photocopies of a note and a mortgage instrument bearing the Douglases’ signatures and the date of February 8, 2008. Because, in this case, we must conclusively presume, in the absence of a trial transcript, that the court’s judgment is supported by the omitted evidence, see Stone v. Stone, 26 So.3d 1228, 1231-32 (Ala.Civ.App.2009), we conclusively presume that the trial court deemed those photocopies sufficient to prove the bank’s right to seek ejectment. See Rule 1003, Ala. R. Evid. (admissibility of photocopies); cf. Ala. Code 1975, § 7-3-309(a) (UCC provision applicable to negotiable instruments setting forth circumstances under which a person is entitled to enforce such an *1010 instrument despite lacking possession of it).”
Rule 1003, Ala. R. Evid., provides that “[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.” The Stones have not asserted either exception to the general rule set forth in Rule 1003. We conclude that there is no legal basis for the Stones’ contentions that the manner in which AFC responded to their requests for production of documents was somehow improper.
The Stones also contend that AFC was not a proper party in interest. That argument appears to hinge on the Stones’ belief that AFC could not produce the promissory note or the mortgage. Therefore, they say, AFC could not prove that it was entitled to receive loan payments and, apparently, did not have a right to foreclose on the mortgage when the payments were not made. Therefore, they say, the summary judgment was improper. The record simply does not support the Stones’ contention.
We review a summary judgment pursuant to the following standard:
“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12.”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
“‘A prima facie showing in an ejectment action requires the plaintiff to provide substantial evidence that it has legal title to the property when the complaint was filed and a right to immediate possession. Muller v. Seeds, 919 So.2d 1174, 1177 (Ala.2005).’ ” Berry v. Deutsche Bank Nat’l Trust Co., 57 So.3d 142, 145 (Ala.Civ.App.2010) (quoting trial court’s judgment). In support of its motion for a summary judgment, AFC included evidence indicating that it had held the mortgage on the property; that the Stones had failed to make the required payments on the loan secured by the mortgage; that AFC had foreclosed on the property and had purchased it at a foreclosure sale that had been properly noticed; that AFC had a properly executed foreclosure deed, which had been recorded in the Marshall Probate Court; and that AFC had made a demand that the Stones vacate the property. AFC submitted substantial evidence demonstrating that it was entitled to a judgment in its favor in the ejectment action.
Therefore, the burden shifted to the Stones to produce substantial evidence demonstrating that there had been a wrongful foreclosure and, consequently, that AFC did not have good title to the property. See Berry, 57 So.3d at 145.
*1011 In opposing the motion for a summary judgment, the Stones presented no evidence tending to create a genuine issue of material fact, and they did not present a valid argument that AFC was not entitled to a judgment as a matter of law. Instead, they submitted articles and chapters from books on banking and money. For example, they submitted an excerpt from a booklet that originally had been distributed by the Public Information Center of the Federal Reserve Bank of Chicago but was no longer in print. Instead, the document stated, “Photo copies can be made available by mongues@myhome.net.” The booklet is titled Modern Money Mechanics, A Workbook on Bank Reserves and Deposit Expansion, and, as the introduction states, it describes “the basic process of money creation in a ‘fractional reserve’ banking system.” There are also excerpts from what appear to be economics textbooks and a dictionary of economic or banking terms. The Stones’ “evidence” fails to indicate that the foreclosure of the property was improper or that AFC did not have valid title to the property. Accordingly, we conclude that the trial court properly entered the summary judgment in favor of AFC on its ejectment claim.
We note that, on appeal, the Stones do not challenge the award of rental payments to AFC. Therefore, they have waived that issue. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”).
AFC filed a motion to dismiss Jon Stone from this appeal. In return, Jon Stone filed a “motion to strike” AFC’s motion to dismiss him from the appeal. For the reasons set forth earlier in this opinion, AFC’s motion to dismiss is granted; Jon Stone’s “motion to strike” is denied.
AFC has also filed a motion for damages, asserting that the Stones have brought a frivolous appeal. This court has jurisdiction under Rule 38, Ala. R.App. P., to determine whether an appeal is frivolous. “This rule vests the imposition of sanctions within the sound judicial discretion of the appellate court.” Gilbert v. Congress Life Ins. Co., 646 So.2d 592, 594 (Ala.1994).
In support of its motion, AFC contends that this appeal is an attempt by the Stones to delay AFC from obtaining possession of the property and that the Stones have used the court system as “a tool for harassment.” However, the Stones have a right to appeal from the judgment against them. Therefore, AFC’s request for sanctions against the Stones is denied.
The Stones have failed to demonstrate that the trial court erred or abused its discretion in this case. For the reasons set forth above, the judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.
PITTMAN, J., recuses himself.

. Federal Land Bank Association of North Alabama, FLCA, began using the name Alabama Farm Credit, ACA, on January 1, 2010. For ease of reference, we refer to the entity as AFC.

. After the documents were provided, the Stones sued AFC, its officers, and its attorneys in federal court. The record does not indicate the status of that case.