[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10856

Non-Argument Calendar

_____

HAYWOOD JACKSON MIZELL,

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK, N.A.,
PHH MORTGAGE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:21-cv-00569-ECM-SMD

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Haywood Mizell again appeals the dismissal of his complaint alleging wrongful foreclosure. We previously reversed and remanded on jurisdictional grounds. We now affirm on the merits.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is our second review of the district court's dismissal of Mizell's pro se complaint. As we explained once before, Mizell's complaint takes issue with two foreclosure sales that occurred over a decade ago. In 2010, PHH Mortgage Corporation foreclosed on a loan obtained by Mizell's daughter and son-in-law. In 2013, Wells Fargo Bank, N.A. foreclosed on a loan obtained by Mizell's wife. Both loans were secured by properties located in Ozark, Alabama, which were the subjects of the respective foreclosure sales.

The complaint alleges that the defendants' 2010 and 2013 foreclosure sales were invalid under Alabama law because the defendants, as mortgagees, did not first show they were holders in due course of lawful debt instruments prior to initiating foreclosure proceedings on the two properties. The complaint "demands that both [d]efendants prove their claim . . . by the presentation of an authenticated instrument of debt" and concludes that "[s]hould the [d]efendants fail to produce said authenticated promissory notes, the remedy for their unlawful actions is approximately $13,887,000 to be paid to the [p]laintiff by Wells Fargo and $532,000 by PHH."

In Mizell's first appeal, we considered whether the district court properly dismissed his complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. We concluded that it did not, reversed, and remanded to the district court to determine "in the first instance whether any or all of the[] [defendants' alternative] grounds merit[ed] dismissal." *Mizell v. Wells Fargo Bank, N.A.* (*Mizell I*), No. 22-12119, 2023 WL 355067, at *2 (11th Cir. Jan. 23, 2023) (per curiam) (citing *Behr v. Campbell*, 8 F.4th 1206, 1214 (11th Cir. 2021)).

After we remanded, the magistrate judge recommended dismissal of Mizell's complaint on three grounds: (1) the expiration of the two-year statute of limitations; (2) res judicata; and (3) the complaint's failure to state a claim under Alabama law. The district court adopted the magistrate judge's recommendations in part. Specifically, the district court adopted the magistrate judge's merits conclusion that Mizell failed to state a cognizable claim for relief under Alabama law. So the district court dismissed Mizell's claims with prejudice. Mizell again timely appealed. We now turn to that appeal.

## STANDARD OF REVIEW

We review de novo the district court's dismissal of a complaint for failure to state a claim. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## DISCUSSION

Pointing to statutory provisions in Titles 7 and 35 of the Code of Alabama, Mizell argues that neither Wells Fargo nor PHH were holders in due course, so the foreclosure sales of the two properties were unlawful and thus invalid. In support of this argument, Mizell emphasizes that neither Wells Fargo nor PHH proved their claim on either property by presenting an authenticated debt instrument "stamped paid in full." From that, Mizell concludes that neither mortgagee is entitled to the proceeds from the foreclosure auctions.

Alabama is a nonjudicial foreclosure state, and the procedures required for a creditor to foreclose on mortgaged property are established by statute. *See* Ala. Code §§ 35-10-11 to 35-10-16 (1975). Sections 35-10-12 to 35-10-14 establish the requirements for a non-judicial foreclosure under the "power of sale" in a mortgage, like the sales at issue here. In particular, section 35-10-12 states that "[w]here a power to sell lands is given in any mortgage, the power is part of the security and may be executed by any person, or the personal representative of any person who, by assignment or

otherwise, becomes entitled to the money thus secured." Ala. Code § 35-10-12. While a mortgage note is a negotiable instrument subject to the provisions of Alabama's Uniform Commercial Code, *Thomas v. Wells Fargo Bank, N.A.,* 116 So. 3d 226, 233 (Ala. Civ. App. 2012), a foreclosure is an action on a mortgage and is therefore not governed by the Alabama Commercial Code, *compare* Ala. Code § 7-3-104(a) (defining a negotiable instrument), *with* Ala. Code §§ 35-10-11 to 35-10-14 (Alabama's foreclosure statute).

A mortgagee in Alabama has various remedies upon a mortgagor's default, including obtaining a judgment on the note secured by the mortgage, or taking separate action to foreclose the mortgage. *See Triple J Cattle, Inc. v. Chambers*, 551 So. 2d 280, 282 (Ala. 1989). These remedies include foreclosure by power of sale of the mortgage. *See* Ala. Code §§ 35-10-11 to 35-10-16. And while "Alabama has long recognized a cause of action for 'wrongful foreclosure' arising out of the exercise of a power-of-sale provision in a mortgage . . . it has defined such a claim as one where 'a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor.'" *Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 171 (Ala. 2012) (quoting *Reeves Cedarhurst Dev. Corp. v. First Am. Fed. Sav. & Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992)). The Alabama Supreme Court has further explained that a wrongful foreclosure action lies, for example, when the mortgagee uses the power of sale "for the purpose of oppressing the debtor or of enabling the creditor to acquire the property himself," or where the mortgagee uses the power of sale "from any ill motive, to effect means and purposes of his own, or to serve the

purposes of other individuals." *Id.* (internal quotations and citation omitted); *see also Harris v. Deutsche Bank Nat'l Tr. Co.*, 141 So. 3d 482, 491 (Ala. 2013) (holding that a claim that "goes to whether the trustee complied with certain contractual or statutory prerequisites for a valid foreclosure" does not allege wrongful foreclosure).

But Alabama's foreclosure statute does not provide a cause of action for a mortgagor to require a mortgagee to establish proof of claim prior to initiating a foreclosure. *See* Ala. Code §§ 35-10-11 to 35-10-14; *see also Douglas v. Troy Bank & Tr. Co.*, 122 So. 3d 181, 183–84 (Ala. Civ. App. 2012) (citing *Farkas v. SunTrust Mortg., Inc.*, 447 F. App'x. 972, 973 (11th Cir. 2011) (per curiam)). And neither does the foreclosure statute require a party seeking foreclosure to produce the "original" or "wet-ink" version of the note and mortgage. *See* Ala. Code §§ 35-10-11 to 35-10-16. To the contrary, Alabama state courts have repeatedly determined that parties relying upon the Code's nonjudicial foreclosure provisions to initiate foreclosure proceedings do not need to produce the "original wet ink signature promissory note and mortgage" before commencing such proceedings. *See, e.g., Douglas,* 122 So. 3d at 182–85; *Ballentine v. Ala. Farm Credit, ACA,* 138 So. 3d 1005, 1009–10 (Ala. Civ. App. 2013) (per curiam). And we have reached the same conclusion in two unpublished opinions. *See Farkas*, 447 F. App'x at 973 (explaining that "Alabama's foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the 'power of sale' contained in the mortgage, but the statute does not provide a cause of action for a mortgager to require the mortgagee to establish proof of claim prior to initiating the foreclosure"); *Graveling v.*

*Castle Mortg. Co.*, 631 F. App'x 690, 697 (11th Cir. 2015) (per curiam) ("The Gravelings' argument that BankUnited was required to produce the original, 'wet-ink' note in order to validate the mortgage has no basis in Alabama law.").

Here, Mizell fails to state a claim because his complaint does not allege Wells Fargo or PHH "use[d] the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor." *Jackson*, 90 So. 3d at 171 (quoting *Reeves,* 607 So. 2d at 182). As explained above, Alabama law does not provide a cause of action for a mortgagor to require a mortgagee to establish proof of claim prior to initiating a foreclosure sale. *See* Ala. Code §§ 35-10-11 to 35-10-14; *Douglas,* 122 So. 3d at 182–84. And the Alabama Supreme Court has made clear that a mortgagor's challenge to the lawfulness of a nonjudicial foreclosure sale, like Mizell's, that does not allege the mortgagee used the power of sale for some purpose other than to secure a lawfully owed debt is not cognizable under Alabama law. *Jackson,* 90 So. 3d at 171; *see also Harris*, 141 So. 3d at 491.

Nowhere in Mizell's complaint does he allege the underlying debt was invalid or that Wells Fargo and PHH foreclosed on the properties for some purpose other than collecting on debts lawfully owed to them as mortgagees. Instead, Mizell alleges only that their failure to produce authenticated debt instruments "stamped paid in full" renders the two foreclosure sales wrongful and thus invalid. But every court to consider this theory, including this one, has found it meritless, having no basis in Alabama law. *See, e.g.*,

*Douglas,* 122 So. 3d at 182–84; *Ballentine,* 138 So. 3d at 1009–10; *Graveling,* 631 F. App'x at 697; *Farkas*, 447 F. App'x at 973.

We reach the same conclusion again here.  Alabama law forecloses Mizell's "show me the note" theory.  And his complaint lacks sufficient additional allegations to otherwise sustain an action for wrongful foreclosure under Alabama law.  In sum, Mizell has failed to state a claim for wrongful foreclosure.

**AFFIRMED**.